UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THE ST. BERNARD PARISH SCHOOL BOARD**
*Petitioner*

**CIVIL ACTION NO. 24-01952**

**VERSUS**

**SECTION L**

**THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS**
*Respondent*

**MAGISTRATE 5**

---

*MOTION TO REMAND*

---

NOW INTO COURT, through undersigned counsel, comes petitioner The St. Bernard Parish School Board who respectfully represents that:

1.

On **July 8, 2024**, petitioner filed a Petition for a Preliminary and Permanent Injunction in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard claiming, among other things, that the proposed Louisiana International Terminal ("LIT") would constitute an imminent and prohibited public nuisance to the W. Smith Junior Elementary School.

2.

The W. Smith Junior Elementary School ("the School") is uniquely situated with

respect to the LIT facility. Phases 1A, 1B, and II depict that School completely surrounded on all sides by the threatened LIT facility. See Exhibit 2. See also Doc. 1-1, pages 56-58. Phase III depicts the LIT facility built literally on stop of the School site. See Exhibit 3. See also Doc. 1-1, page 59. As such, this is not the typical nuisance case where some facility off in the distance is affecting those in the neighboring community. The threatened LIT facility will completely enclose the School with the intention forcing the School Board to sell the School site to the defendant.

3.

The preliminary injunction was scheduled to be heard in state court on **August 21, 2024**.

**4.**

On August 6, 2024, the defendant and respondent filed a Notice of Removal claiming federal question jurisdiction on the basis that the relief sought by petitioner necessarily implicates federal issues, namely the permitting under Section 10 of the Rivers and Harbors Act and Section 404 of the Clean Water Act.

5.

To this end, the defendant draws the Court's attention to permit MVN-2021-00270-EG, a testing permit. However, the permit itself demonstrates that this "testing" permit is limited to the following:

> Clear for access and spoil/vegetation stockpile areas for geotechnical field exploration activities to include a total of twenty-seven (27) soil borings, sixty (60) Cone Penetration

Tests, and approximately twelve-thousand (12,000) linear feet of Electrical Resistivity Testing.

6.

No permit has been issued for the construction of the LIT facility, nor could one be issue since Port NOLA has not even submitted its baseline environmental submissions that would trigger the commencement of the public comment period.

7.

To this end, the defendant has attempted to conflate the testing permit, which has been issued, with the facility permit, the application for which has not been completely for submission to and consideration by the USACE.

8.

As such, the sole question is whether this testing permit somehow preempts any other local or state law upon which the Petition is based. For the reasons that follow, it is submitted that there is no such preemption.

9.

The Court need look no further that the permit itself to take note that "[t]his permit does not obviate the need to obtain other Federal, State, or local authorizations required by law." See Doc. 1-3, Page 2, Section 2(b).

10.

The permit itself further states that "[t]his permit does not authorize any injury to the property or rights of others." See Doc. 1-3, Page 2, Section 2(b).

## 11.

The permit itself could not make it any clearer that the testing permit does not supersede or preempt any other local, state, or federal laws that might be implicated by the defendant's anticipated activities.

## 12.

The permits declarations are consistent with the U.S. Supreme Court's ruling in *International Paper Co. v. Ouellete*, 479 U.S. 481, 107 S.Ct. 805, at 815-81, 93 L.Ed.2d 833 (1987) wherein the Court held that the Clean Water Act did not preempt common law claims of nuisance asserted by land owners because state law remedy did not interfere with methods by which federal statute was designed to reach its goal. *Ouelette* has been recognized and applied in remanding similar cases such as *Riehm, et al v. Wood Resources, LLC, et al*, 16-12747, Section J(3) (E.D. La. 10/20/2016) and *Bihm v. Teche Vermillion Fresh Water District*, 22-01458 (W.D. La. 08/09/22), 2022 WL 18674850.

## 13.

For all of the reasons noted herein and in the accompanying memorandum in support of petitioner's motion to remand, the Court should remand this matter to State Court.

WHEREFORE, after all due proceedings are had, petitioner respectfully moves this Court to remand the instant matter to the Thirty-Fourth Judicial District Court for the Parish of St. Bernard.

**OFFICE OF THE DISTRICT ATTORNEY
FOR THE PARISH OF ST. BERNARD**

**HONORABLE PERRY M. NICOSIA**

BY: /s/ David C. Jarrell
     DAVID C. JARRELL (Bar No. 30907)
     2010 Pakenham Dr.
     Chalmette, LA 70043
     Tel: (504) 271-1658
     Fax: (504) 279-2874
     djarrell@stbda.org
     Attorney for petitioner SBPSB