1              34TH JUDICIAL DISTRICT COURT

2                 PARISH OF ST. BERNARD

3                  STATE OF LOUISIANA

4

5   STOP THE DESTRUCTION OF   *       NO. 21-1612
    ST. BERNARD, INC., ET AL  *
6                             *
          vs.                 *
7                             *
    BOARD OF COMMISSIONERS     *
8   FOR PORT OF NEW ORLEANS    *    DIVISION "Ad Hoc"

9

10

11

12          Transcript of the proceedings had and done

13   in the above-numbered and entitled cause before the

14   **Honorable Robert Morrison,** Judge presiding, at the

15   St. Bernard Parish Courthouse, Chalmette, Louisiana

16   on **February 2, 2023.**

17

18   <u>**APPEARANCES**</u>:

19   LAW OFFICE OF SIDNEY D. TORRES, III, APLC
     (BY:  SIDNEY D. TORRES, III, ESQUIRE
20         ERICA BECK, ESQUIRE)
     8301 W. Judge Perez Drive, Suite 303
21   Chalmette, Louisiana 70043
              (Attorneys for the Plaintiffs, Stop the
22   Destruction of St. Bernard, Inc., et al)

23

24   THE BEZOU LAW FIRM
     (BY:  JACQUES F. BEZOU, ESQUIRE)
25   829 Baronne Street
     New Orleans, Louisiana 70130
26           (Attorneys for the Plaintiffs, Ed
     Kennedy and Kennedy, Lewis, Renton & Associates,
27   Inc.)

28

29   LEONARD L. LEVENSON & ASSOCIATES, PLC
     (BY:  LEONARD L. LEVENSON, ESQUIRE)
30   427 Gravier Street
     New Orleans, Louisiana 70130
31           (Attorneys for the Plaintiffs, Stop the
     Destruction of St. Bernard, Inc., et al)

32

APPEARANCES CONTINUED:


BLAKE JONES LAW FIRM, LLC
(BY:  BLAKE JONES, ESQUIRE)
701 Poydras Street, Suite 4100
New Orleans, Louisiana 70139
          (Attorneys for the Plaintiffs, Stop the
Destruction of St. Bernard, Inc., et al)



TABARY & BORNE
(BY:  ELIZABETH BORNE, ESQUIRE)
3 Courthouse Square
Chalmette, Louisiana 70043
          (Attorneys for the Defendant, Port of
New Orleans Louisiana)


JONES WALKER, LLP
(BY:  LAUREN C. MASTIO, ESQUIRE
      MICHAEL C. DREW, ESQUIRE
      ETIENNE BALART, ESQUIRE)
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
          (Attorneys for the Defendant, Port of
New Orleans Louisiana)



SHER, GARNER, CAHILL, RICHTER, KLEIN & HILBERT, LLC
(BY:  ASHLEY COKER, ESQUIRE)
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
          (Attorneys for the Defendant, Port of
New Orleans)


ST. BERNARD PARISH DISTRICT ATTORNEY'S OFFICE
(BY:  LANCE LICCIARDI, ESQUIRE
      JUSTIN STEPHENS, ESQUIRE)
1101 West St. Bernard Highway
Chalmette, Louisiana 70043
          (Attorneys for St. Bernard Parish)



**REPORTED BY:**

Brook L. Kerrigan
Certified Court Reporter

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

```
 1          THE COURT:
 2               Let me introduce myself first.  I'm
 3          Robert Morrison, the judge, retired
 4          now from the 21st Judicial District on
 5          the Northshore.  I was appointed by
 6          the supreme court as the judge ad hoc
 7          to hear this case.  And so good
 8          morning and I would like to start by
 9          having counsel identify yourselves for
10          the record.
11      MR. TORRES:
12               Your Honor, I'm Sidney Torres on
13          behalf of the plaintiffs.
14      MR. LEVENSON:
15               Lenny Levenson on behalf of the
16          plaintiffs.
17      MR. BEZOU:
18               Jacques Bezou on behalf of SOS.
19      MR. JONES:
20               Blake Jones on behalf of the
21          plaintiffs.
22      MS. BECK:
23               Erica Beck on behalf of the
24          plaintiffs.
25      MINUTE CLERK:
26               I'm sorry.  I need to get
27          everybody's name.  I have Mr. Lenny
28          Levenson and I don't have the person
29          after him.
30      MR. BEZOU:
31               Jacques Bezou.
32      MINUTE CLERK:
```

1              Can you spell the last name for me?

2       MR. BEZOU:

3              B-E-Z-O-U.

4       MINUTE CLERK:

5              Who are you here on behalf of?

6       MR. BEZOU:

7              The plaintiffs, SOS.

8       MR. JONES:

9              Blake Jones, plaintiffs.

10      MS. BECK:

11             Erica Beck.

12      MS. BORNE:

13             Elizabeth Borne here on behalf of

14        the Port of New Orleans.

15      MS. MASTIO:

16             Lauren Mastio on behalf of Port of

17        New Orleans.

18      MINUTE CLERK:

19             Can you spell your last name?

20      MS. MASTIO:

21             M-A-S-T-I-O.

22      MINUTE CLERK:

23             First name?

24      MS. MASTIO:

25             Lauren, L-A-U-R-E-N.

26      MS. COKER:

27             Ashley Coker for St. Bernard Port.

28      MR. BALART:

29             Etienne Balart on behalf of the

30        Board of Commissioners for the Port of

31        New Orleans.

32      MR. BURAS:

```
1              Daniel Buras on behalf of the Port.
2        MR. DREW:
3              Good morning, Your Honor.  Michael
4          Drew on behalf the Port of New
5          Orleans.
6        MINUTE CLERK:
7              What was your last name?
8        MR. DREW:
9              Drew, D-R-E-W.
10       MR. STEPHENS:
11             Your Honor, Justin Stephens on
12         behalf of St. Bernard Parish
13         Government.  There is not currently a
14         docketed matter involving St. Bernard
15         Parish Government today, but there was
16         a Motion to Relieve to intervene filed
17         on behalf of the Parish.
18       MR. LICCIARDI:
19             Lance Licciardi, St. Bernard Parish
20         Government, Your Honor.
21       THE COURT:
22             Is that everyone?  Thank you.
23             Let me first state to all counsel
24         that I have read and studied their
25         briefs and memos in connection with
26         the case, and I do want to thank all
27         of you for a thorough job in
28         presenting this to me.  I have done
29         the best I can to educate myself and
30         so we are ready to proceed.
31             In analyzing this, what I would
32         like to do first is take up the
```

1          section of prematurity, and so we will
2          do that first, and I will ask is the
3          Port of New Orleans or St. Bernard
4          going to go lead off with that?
5     MS. MASTIO:
6          Good morning, Your Honor.  Again,
7          Lauren Mastio on behalf of the Board
8          of Commissioners of the Port of New
9          Orleans.
10         As Your Honor is aware we are here
11         today regarding a number of exceptions
12         filed by the Port NOLA in connection
13         with petitioners' lawsuits that is
14         improperly asking the Court to enjoin
15         a proposed development along the banks
16         of the Mississippi River that's years
17         away from being permitted much less
18         even being constructed, and that's the
19         Louisiana International Terminal that
20         I'll sometimes refer to as the LIT
21         facility.
22         Petitioners are trying to
23         circumvent the proper process and are
24         asking this Court to enjoin a robust
25         legislatively-mandated process that is
26         specifically designed to allow
27         specialized agencies to consider the
28         proposed development; solicit comments
29         from the public, federal, state, and
30         local agencies and officials, Indian
31         tribes and other interested parties;
32         consider those comments; require

1          studies to further explore issues and
2          concerns; consider those studies and
3          further public comment in light of
4          their expertise; then ultimately
5          decide whether or not a permit is
6          warranted.  And if a permit is
7          granted, that permit establishes the
8          standards or parameters including the
9          requiring of certain safeguards.
10             Petitioners are asking the Court to
11          strip the federal and state agencies
12          of their role and their power and
13          without any basis, substitute its own
14          judgment based on nothing more than
15          speculative years.  The petitioners
16          must at least allow this process,
17          which has been statutorily delegated
18          to state and federal agencies to play
19          out before it may seek redress from
20          the Court.
21             And so that you can fully
22          appreciate this, Your Honor.  I would
23          like to put before you the initial
24          joint public notice issued by the
25          United States Army Corps of Engineers
26          and Louisiana Department of
27          Environmental Quality.  There have
28          been additional public notices and
29          solicitations for comment, but I want
30          to put this one in front of you so
31          that you can see the scope of what's
32          being considered by the federal and

1          state agencies.

2               May I approach?

3      THE COURT:

4               Yes.

5               Is that's being offered into

6          evidence?

7      MS. MASTIO:

8               Yes.  I would offer it as Port

9          Exhibit 1.

10     THE COURT:

11              Without objection it's admitted.

12     MS. MASTIO:

13              And while these two agencies, the

14         United States Army Corps of Engineers

15         and the Louisiana Department of

16         Environmental Quality, are taking the

17         lead, it's important to recognize that

18         they coordinate with numerous other

19         federal and state agencies in this

20         process who are all weighing in.  So

21         you have specialized expertise of EPA,

22         Wildlife and Fisheries, DNR, levee

23         board, DOTD, and many others.

24              So while I would encourage you to

25         look at the entire section on

26         criteria, I would like to draw Your

27         Honor's attention to pages 2 and 3.

28         At the bottom of page 2, it states,

29         "All factors which may be relevant to

30         the proposal will be considered

31         including the cumulative effects

32         thereof.  Among them the conservation,

```
1              economics, aesthetics, general
2              environmental concerns, wetland,
3              history properties, fish and wildlife
4              values, flood hazards, flood plane
5              values, land use, navigation,
6              shoreline erosion, incretion,
7              recreation, water supply conservation,
8              water quality, energy needs, safety,
9              food and fiber production, mineral
10             needs; considerations of property
11             ownership and in general the needs and
12             welfare of the people."
13                Your Honor, all of these issues are
14             the issues that petitioners are
15             complaining of and these are the very
16             issues that are before the federal and
17             state agencies at this juncture.  It's
18             what they are reviewing and
19             considering.  And the process is
20             working.
21                In their opposition at pages 4 and
22             5, petitioners set forth a number of
23             bullet points outlining specific
24             concerns, but the reality is that many
25             of these have already been addressed
26             through the process.  For instance,
27             the original design included a larger
28             facility footprint, and the
29             St. Bernard highway that was initially
30             going to loop around the facility is
31             now going to remain in place.  So
32             these very concerns that they complain
```

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

1          of, such as the location and size of

2          the footprint and the realignment of

3          St. Bernard Highway, have already been

4          addressed.  And as potential issues

5          continue to be identified and

6          considered, they will be addressed

7          appropriately and more importantly in

8          the appropriate forum.  This is still

9          very much a fluid process.

10          NEBA requires a range of

11          environmental studies covering topics

12          like traffic, quality of the life near

13          the terminal, natural habitat and

14          wildlife, the economy and more.

15          Studies have been commissioned and

16          will continue to be undertaken

17          addressing concerns raised by the

18          public and the regulators, and when

19          the studies are complete, they will be

20          provided to the Corps of Engineers to

21          review and utilize as they see fit in

22          their permit determination.

23          Simply stated, this process needs

24          to play out, and as a matter of law,

25          it must.  Critical for the Court's

26          purposes here is the fact that the

27          Court lacks subject matter

28          jurisdiction to enjoin the proposed

29          LIT and the regulatory process that's

30          underway.  It's wildly premature and

31          dismissal is proper at this juncture.

32          Port NOLA cites a number of cases

1          for the proposition that there's no

2          entitlement to judicial review at this

3          state of the permitting process.  For

4          instance, in re Shintech and Berry and

5          Medx but not surprising petitioners do

6          not address a single one of those

7          cases.  Instead petitioners try to

8          distinguish cases cited by Port NOLA

9          based on discrete nuances that have no

10         impact on the purpose for which the

11         cases are cited in the first place.

12             For instance, they argue that Olsen

13         and Bell were decisions that were not

14         in the context of summary dismissal at

15         the preliminary stages of the case.

16         That's irrelevant.  Those cases are

17         cited by Port NOLA for the proposition

18         that the petition does not set forth a

19         legal cause of action.  They establish

20         what constitutes and what does not

21         constitute a legal nuisance subject to

22         injunctive relief, and they are clear

23         that the law does not recognize a

24         claim for anticipatory nuisance.

25             In Olson, the Court refused to

26         enjoin the development of city trash

27         facility stating that such relief is

28         premature and the complaining party

29         has available the possibility of

30         obtaining injunctive relief if the

31         facility, once constructed and in

32         operation, is proven to be a nuisance

1      in fact.

2          In Bell, the city had granted a

3      permit for the installation of steam

4      power at a factory.  The neighbors

5      complained that the steam engine would

6      create a fire risk, and the noise and

7      the steam from the factory would

8      injure the health and peace of

9      neighbors and hurt the value of their

10     property.  Even with the permit in

11     place, the Court refused to enjoin the

12     construction reasoning that without

13     waiting to see in what manner the

14     works would be built, what safeguards

15     would be adopted to prevent

16     apprehended injury, and whether such

17     injury would actually result, the

18     plaintiff rushed into court.

19         A court will only issue an

20     injunction in the case of a nuisance

21     per se.  That being a nuisance, at all

22     times under any circumstances

23     regardless of its location and

24     surroundings, and the Louisiana

25     Supreme Court in Canone stated, "A

26     lawful business is never a nuisance

27     per se and no one has the right to

28     prevent the establishment of such

29     business for fear that it might be

30     conducted so as to become a nuisance."

31         A port terminal is a legal

32     business.  It's simply not a nuisance

1           per se.  In fact, the very cases

2           relied upon by petitioners actually

3           support the fact that dismissal is

4           appropriate at this stage.

5              Separate and apart from the

6           distinguishing fact that work had

7           already been undertaken in the Salter

8           case, and barrels of various acids and

9           chemical wastes had been trucked onto

10          the site of the waste disposal

11          operation, that case actually supports

12          Port NOLA's position here as it

13          relates to prematurity.

14             While petitioners repeatedly cite

15          the appellate court decision, the

16          Supreme Court actually modified the

17          injunction granted by the Court of

18          Appeals and instead of prohibiting the

19          use of the site, the Court enjoined

20          the defendant to comply with certain

21          operating and safety standards.  As

22          the Supreme Court stated, "No one may

23          prevent the establishment of a lawful

24          business merely because of fear that

25          this will cause damage to neighboring

26          estates."  The Court found that the

27          waste disposal site would not cause

28          harm to the neighbors because it could

29          be conducted safely by following

30          certain operation procedures.  Bell

31          stands for the same proposition.  You

32          can't just rush into court without

```
1              even waiting to see the safeguards.
2                  Here those operating procedures and
3              safeguards are all part of the
4              permitting process which is still in
5              its infancy.
6                  The Court in Acadian Heritage took
7              it a step further by actually
8              recognizing that a conditional
9              injunction requiring a landfill to
10             operate in accordance with its permit
11             granted by LDNR served no purpose.
12             And that citation, Your Honor, is
13             451 So. 2d 17.
14                 The law is clear:  There's no way
15             that this Court can issue an
16             injunction for alleged future
17             speculative nuisances when the permit
18             that establishes the legal parameters
19             in the first place has not even been
20             issued.
21                 Now, while we shouldn't even get
22             here for the reasons that were just
23             discussed and it's really not even
24             possible to engage in a negligence
25             analysis at this stage, because of the
26             size and the scope of the project.
27             The construction and operation
28             conditions and safeguards haven't even
29             been determined.
30                 An alleged nuisance must be
31             considered in light of the character
32             of the neighborhood.  And the
```

1          Louisiana Supreme Court as well as
2          other courts within this state have
3          expressly pronounced that land owners
4          along the Mississippi River should
5          expect development of surrounding
6          areas to serve commercial purposes and
7          repeatedly denied injunctive relief on
8          that basis.  And I direct the Court to
9          Monlezun, Ritchey, and Schecnayder
10         cases all discussed in our memorandum.
11             To quote the Ritchey court,
12         "Commercial and industrial
13         establishments have existed and their
14         growth is to be expected."  And to
15         that and it's important that Your
16         Honor understand the nature of this
17         area.  St. Bernard Parish, largely due
18         to its geographic location, has long
19         coexisted with industry.  Going down
20         the river you have the sugar refinery,
21         the Port of St. Bernard, the Chalmette
22         Refinery, the Valero Refinery and the
23         Violet Dock Port itself, a port
24         facility in the very location of the
25         proposed NOLA facility.
26             So certainly when considered in
27         light of the character of the
28         neighborhood and the Supreme Court's
29         own acknowledgment of the types of
30         activity to be expected along the
31         Mississippi River, the proposed
32         development of a port terminal

```
 1                  certainly does not constitute a
 2                  nuisance warranting injunctive relief
 3                  at this early stage.
 4                       Finally, the plain language of
 5                  Article 667, entitled, "Limitation on
 6                  Use of Property," expressly relates to
 7                  work on one's property.  Separate and
 8                  apart from the fact that there's not
 9                  even been a permitting determination,
10                  there's been no work on the property.
11                  And as the Supreme Court made clear in
12                  Yokum, work can either be construction
13                  or activities.  Here, there's been no
14                  construction or any other activity on
15                  the property.  And for that reason
16                  petitioners have failed to state a
17                  cause of action in addition to the
18                  fact that it's wildly premature.
19                       To come full circle, petitioners
20                  should not be allowed to circumvent
21                  the entire process that's meant to
22                  establish the legal guideposts that we
23                  are talking about in the first place.
24                  I personally attended various public
25                  forums where Port NOLA has provided
26                  information, solicited comments, and
27                  has been engaging in an active
28                  dialogue with the community.
29                       Just like any development, there
30                  are people that are in favor of it and
31                  there are, naturally, going to be
32                  people against it, but through this
```

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

1          process alone, the public is able to

2          be educated and obtain a better

3          understanding of the proposed LIT

4          facility.  As previously discussed,

5          Port NOLA has already received

6          feedback and has changed the plans

7          based on that feedback.  They are

8          listening, and they are reacting.  And

9          this is a collaborative, fluid process

10         that needs to play out.

11             Imagine if any time someone did not

12         like a proposed development, they ran

13         straight to court.  Imagine the logjam

14         if the permitting authorities didn't

15         perform their gatekeeping function

16         before people would be permitted to

17         run to court.  Not only is there

18         preemption issue, a lack of subject

19         matter jurisdiction, and a prematurity

20         issue, but think of the practical

21         effects of that.  And petitioners are

22         not left without a remedy.  They can

23         and should participate in the

24         permitting process.  And then if a

25         permit is issued at that time, after

26         final agency action, they can

27         challenge that permit if they believe

28         that the agency acted arbitrarily and

29         capriciously.  Or if construction or

30         operations are being conducted in

31         violation of a permit, they can seek

32         the Court's intervention at that time,

1              but right now, we don't even know

2              whether permits will be issued much

3              less the parameters of those permits.

4                   Further to that end, the law simply

5              does not provide a cause of action or

6              relief for anticipatory nuisances

7              which may never occur.  None of us

8              know what the project will ultimately

9              look like and to say that it can't go

10             forward under any circumstances is

11             improper.  Practically speaking, if we

12             proceed to trial on the merits at this

13             stage of the process, what would

14             petitioners say, and what injunctive

15             relief could the Court possibly grant?

16             The process, which is still in it's

17             early stages, must play out.

18                  Your Honor, I'm happy to address

19             any questions that you may have at

20             this time.

21        THE COURT:

22                  I'll save those for now.  Does

23             St. Bernard want to join in with --

24        MS. COKER:

25                  Yes, Your Honor.  St. Bernard Port

26             joins in with Port of New Orleans's

27             arguments.

28        THE COURT:

29                  Thank you.

30                  And any evidence in connection with

31             the dilatory exception and

32             prematurity?  Any other evidence?

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

1         MS. MASTIO:

2              No.  Just the exhibit that we

3           have -- the briefs and the exhibit

4           that we've submitted.

5         THE COURT:

6              Thank you, counsel.

7         MS. MASTIO:

8              Thank you, Your Honor.

9         THE COURT:

10             Opposition?

11        MR. TORRES:

12             Good morning, Your Honor.  Welcome

13          to St. Bernard Parish.

14        THE COURT:

15             Thank you.

16        MR. TORRES:

17             Mr. Lenny Levenson will address all

18          of the legal issues, and I would like

19          the Court's permission at the

20          appropriate time to give a brief

21          three-minute overview.

22        THE COURT:

23             Okay.  Let me just -- well, I will

24          ask Mr. Levenson that.  All right.

25          You can proceed.

26        MR. TORRES:

27             Your Honor, St. Bernard Parish is

28          not geographically configured to

29          withstand the massive international

30          containment terminal that the Port of

31          New Orleans is building here in our

32          parish in no uncertain terms.  We are

```
1              a densely populated residential

2              community without habitable land mass

3              situated on a narrow strip of land

4              between the 40 Arpent canal and the

5              Mississippi River surrounded by an

6              abundance of fragile wetlands.  The

7              project will overwhelm the Parish with

8              thousands of 18 wheelers per day going

9              and coming and a tremendous amount of

10             rail traffic.

11                 The map to the left, Your Honor,

12             shows the configuration of St. Bernard

13             Parish.  This is the Mississippi

14             River.  This is the 40 Arpent canal.

15             In red you see the massive development

16             that they are proposing.  In yellow

17             are the two roadways that exist in our

18             parish.  There's one rail line, and

19             that rail line as it goes north cuts

20             across those two highways.  And then,

21             Your Honor, the configurations of the

22             wetlands.  This is our population.  As

23             Your Honor can see, we are very

24             densely populated.

25                 St. Bernard is rich in history and

26             culture and home to multigenerational

27             families tracing back to 1778.  In my

28             case on my father's side, Los Islenos

29             descendants, fur trappers and

30             fishermen; on my mother's side,

31             Italian immigrants and farmers.

32                 In our pleadings we have set out in
```

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

```
 1              detail who we are, what we have at
 2              stake, who we are up against, their
 3              history of causing devastating harm to
 4              our community, their aggressive
 5              pursuit of this project because it
 6              falls within their jurisdiction and
 7              control, and the harm that would
 8              surely come.  We have explained why it
 9              would be a mistake and a detriment to
10              our state and our nation to have an
11              international container terminal
12              located here in our residential
13              community instead of a more suitable
14              location given the vast resources we
15              have with the Mississippi River here
16              in Louisiana.  We represent thousands
17              of our citizens throughout
18              St. Bernard.  And on the second map,
19              Your Honor, you can see the membership
20              of SOS which has been geocoded with
21              representation of every neighborhood
22              in the Parish.
23                  So, Your Honor, we are here today
24              on behalf of plaintiffs to address the
25              defendant's exceptions seeking to
26              short circuit our ability to present
27              our case holistically at a trial where
28              we will show the nature and extent of
29              the incomprehensible and irreversible
30              harm that would surely come.
31              Therefore we seek the opportunity to
32              present our case through the judicial
```

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

1          process to protect and preserve our

2          life and property so we can never

3          unring the bell.

4               Thank you, Your Honor.

5     THE COURT:

6          Mr. Levenson?

7     MR. LEVENSON:

8          Good morning, Judge.

9     THE COURT:

10         Good morning.

11    MR. LEVENSON:

12         Judge, listening to opposing

13         counsel, I think there's some

14         confusion here that we are here on

15         exceptions, and we are not here on a

16         trial on the merits, which is what we

17         are trying to get to, the trial on

18         merits.  So I don't know that we have

19         the burden of proof that at this stage

20         of the proceeding that's been

21         suggested to you.  Judge, I want to

22         make clear that this is a significant

23         project that's going to have a

24         devastating effect on this parish if

25         it goes forward as planned.  It's

26         going to be Armageddon for the Parish.

27         They are talking about 2 million

28         containers coming through this port a

29         year, 2 million.  That's a lot of

30         containers, Judge, in a small area.

31         And I think the importance of this

32         litigation has been accented by the

1                fact that the Parish has filed an

2                intervention in these proceedings and

3                has sided with the plaintiff not with

4                the defendants.

5                    Now, Judge, as I appreciate the

6                argument on prematurity is that they

7                are claiming that we have an

8                administrative remedy through this

9                permitting process, which I disagree

10               with.  It's their burden of proof to

11               show that there's administrative

12               remedy to this permitting process and

13               to show that we could get adequate

14               satisfaction for our demands there.

15                   I didn't see anything put into

16               evidence.  I didn't see anything

17               argued that said where do we go in

18               this perming process and where are the

19               regulations in the permitting process

20               that says that we must do it or that

21               we can do it, and that's because it

22               doesn't exist, Judge.  And the fact

23               that there's a permitting process

24               doesn't prevent us from going forward

25               with this suit.  It doesn't prevent us

26               from presenting our case in court,

27               which is what we are trying to do.

28                 There are cases that clearly state

29               that the failure to exhaust an

30               administrative remedy may not be

31               granted whether applicable law does

32               not specifically provide an

1          administrative procedure as a

2          precondition, prejudicial action.  I

3          didn't hear that during the argument.

4          I didn't read it in their brief,

5          Judge, because it doesn't exist; and

6          it doesn't prevent us from filing this

7          suit.

8              Now, she specifically referred to

9          the Olsen case and to the *Bell versus*

10         *Riggs* case.  Both of those cases

11         involve situations where injunctions

12         were being sought to prevent a

13         nuisance.  She glossed over the fact

14         that in both of those cases, the Court

15         denied the injunction or the nuisance

16         after a trial on the merits.  That's

17         all we are here for, Judge.  We stated

18         the cause of action.  We want our

19         opportunity to present our evidence,

20         to bring our experts, to bring our

21         witnesses, to bring our plaintiffs,

22         put them in that stand and have the

23         Court make a determination whether or

24         not we are, in fact, entitled to the

25         injunction.  And that is apart from

26         the permitting process.

27             These are those cases, Judge,

28         stated in the proposition that we must

29         wait for the result, but they do

30         support our position that we are

31         entitled to a merits trial.  We don't

32         have to wait.  In fact, if we wait, as

1           was once said, we cannot unring the

2           bell.

3               If you have an opportunity to

4           reread our opposition again, Judge,

5           and if you look at what just the prep

6           work is for this site, this is

7           incredible.  It is millions of cubic

8           feet of dirt and sand and concrete.

9           Well, once it's there, how do we get

10          rid of it?  That's why we are entitled

11          to our merits hearing first in an

12          anticipatory nuisance to be able to

13          prevent that from happening.

14              Now, Judge, we have pled that there

15          are violations of law and there in

16          fact is going to be harm and damage to

17          the Parish and to the plaintiffs in

18          particular.  And we are relying

19          heavily on Louisiana Supreme Court

20          case, judge.  There was a 1973 called

21          *Salter versus B.W.S. Corporation.*  In

22          that case the Supreme Court

23          specifically recognized the right to

24          injunctive relief from an anticipated

25          nuisance or perspective nuisance under

26          667 of the Civil Code.  That's the

27          case, Judge, where up in north

28          Louisiana they were going to construct

29          a hazardous waste disposal site.  An

30          adjoining neighbor instituted a

31          lawsuit saying, Wait a minute.  Time

32          out.  This is going to be a nuisance

1          and it's going to harm me because that

2          material is going to leach out and

3          leach into my well and my drinking

4          water and harm me and my family.

5               And in that case, the Supreme Court

6          issued the injunction.  They issued a

7          conditional injunction, and they said

8          that the injunction would issue;

9          however, if the waste disposal site

10         would construct the waste disposal

11         site to trenches they were putting the

12         chemicals in to prevent the leaching

13         in accordance with the expert

14         testimony, then that would only be a

15         conditional injunction.  Again, Judge

16         that was after a hearing.  Okay.  And,

17         again, it shows that these types of

18         actions are not premature and they are

19         common in this state.

20              Louisiana Supreme Court held that

21         Civil Code Article 667 does not

22         specifically provide for injunctive

23         relief, an injunction prohibiting

24         otherwise lawful activities must be

25         supported by a showing of the proposed

26         operations will occasion reparable

27         harm.  I agree with that.  But that's

28         not what we have to do today.  That's

29         what we have to do at the trial on the

30         merits when we are granted our trial

31         on the merits.

32              There's another case, Judge, we

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

1          rely on, the Acadian case.  The
2          Acadian case involved a real estate
3          development in the Lafayette area
4          which was under process of being
5          constructed and homes sold and the
6          city purchased land in close proximity
7          to the development.  It was made known
8          that they were going to put in a
9          sanitary landfill.  The developer
10         filed suit.  You're killing me.  Okay.
11         My property values are dropping.
12         Nobody wants to buy a house next to a
13         landfill.  I can't get loans any more
14         to develop more land.  I can't get
15         loans that I have for sale because
16         you're going to create a nuisance.
17         And the Court took that up, and the
18         Court heard that case, but, again, on
19         the merits.  And the defendant in that
20         tried to say as they are saying here
21         is wait, nothing has begun yet.  We
22         only acquired the property.  And the
23         Court said, yeah, but you're already
24         causing harm.
25             The same thing that's happening in
26         this case -- they are already causing
27         harm.  It's already having adverse
28         impacts on this parish and the
29         residents of this parish, particularly
30         the plaintiffs.  The trial court
31         initially sustained the city of
32         Lafayette's exceptions in order to

1           dismissal.  The Third Circuit reversed

2           and said that in fact, Acadian's

3           petition stated a cause of action

4           under the Civil Code Articles 667, 669

5           and 2315.  The same exact causes of

6           action that we have pled in our

7           petition, Judge.

8               Like Acadian and the Salter cases,

9           Judge, we have pled the sufficient

10          facts for injunctive relief for this

11          anticipatory nuisance that this

12          development would cause.  These

13          allegations are set forth in the

14          petition as well as affidavits next to

15          petition and documents associated

16          therewith.

17              Again, Judge, I urge you that we

18          are entitled to a trial on the merits

19          to prove that.  The defendants have

20          not made their required showing that

21          there is any requirement for us to

22          exhaust any administrative remedy at

23          this point in time to prevent the

24          filing of this suit.

25              Judge, part of the argument kind of

26          jumped over into the subject matter

27          jurisdiction part of the exception,

28          but I'll address part of it now.

29              Judge, this court does have subject

30          matter jurisdiction.

31      THE COURT:

32              I'm not contesting that I have

1                  subject matter jurisdiction.  I don't

2                  think that's necessarily an issue.  I

3                  want to just deal with the prematurity

4                  issue first.

5        MR. LEVENSON:

6                  Okay, Judge.  Then all I'm going to

7                  say with respect to that is this is

8                  not premature.  We have the right to

9                  bring the action at this time.  We

10                 have stated a cause of action.  Our

11                 ultimate remedy is a trial on the

12                 merits as to whether or not we can

13                 meet the burden of proof to issue an

14                 injunction.  We don't have to meet the

15                 burden of proof today.  We just have

16                 to set forth the allegations as we

17                 have irreparable harm and the high

18                 probability that this will constitute

19                 irreparable harm nuisance, and we ask

20                 the exception be dismissed.

21        THE COURT:

22                 Mr. Levenson, let me ask you just a

23                 couple of questions here.  I know your

24                 part has been present here in an

25                 evidentiary standpoint as far as the

26                 notice that has been introduced this

27                 morning.  Do you contest the fact that

28                 there is a mandatory review process by

29                 such agencies including DEQ, DNR,

30                 DOTD, Wildlife and Fisheries.  Do you

31                 contest that there would not need to

32                 be that type of determination prior to

1        the issuing of a construction permit?
2    MR. LEVENSON:
3        I believe that they have to go
4        through permitting process.  They
5        can't circumvent the permitting
6        process.
7    THE COURT:
8        That's really not a factual issue
9        that they would have to go through the
10        permitting process.
11    MR. LEVENSON:
12        That's correct.
13    THE COURT:
14        Thank you.
15    MR. LEVENSON:
16        But the problem, Judge, is the
17        permitting process doesn't prevent us
18        from being able to institute --
19    THE COURT:
20        I understand.
21    MR. LEVENSON:
22        Thank you.
23    THE COURT:
24        Rebuttal on that?
25    MS. MASTIO:
26        Very briefly, Your Honor.
27        Nothing that the petitioners have
28        said make it any less premature.  In
29        all of the cases that they have
30        referenced, there was a permit.  In
31        Acadian the landfill had already been
32        developed and constructed before the

1           first suit was already even filed.

2           What they have just presented only

3           reinforces the premature tea because

4           if this development is as terrible as

5           Mr. Torres layed out or Armageddon as

6           Mr. Levenson alleges, we will never

7           get a permit.  It's all speculation at

8           this point, and for that reason, Your

9           Honor, we ask that you sustain the

10          exception of prematurity.

11      THE COURT:

12          I can't determine anyway that this

13          matter can go forward without the

14          evidence that would be forthcoming

15          through the hearings that is

16          uncontested would be required in this

17          case.  I don't write the Code of Civil

18          Procedure.  I just determine it.  If I

19          wrote it, I would say that I would

20          have the option rather than a

21          dismissal without prejudice to merely

22          stay that part of the proceeding, but

23          it says, "It shall issue."

24          I believe all the nuisance and

25          taking claims at this time are

26          premature, and I'm going to sustain

27          the Exception of Prematurity.  I'm

28          going to point out in my reading of

29          the petition that as a minute on

30          page 33 paragraph F and G are asking

31          for an order that directs or declares

32          the dation of VDP property to Port

31

1    NOLA being contrary to law and an
2    order declaring that the development
3    of the LIT facility is prohibited by
4    Louisiana law and state and federal
5    constitution.  I think those are
6    viable claims that are not premature
7    at this time and those are not being
8    dismissed.
9        I would point out and let me just
10   say to those of you who don't have a
11   background in the legal proceedings,
12   my dismissal of these claims does not
13   mean that they are over with.  It is
14   dismissed without prejudice, which
15   means if they are developed in the
16   course of the proceedings which are
17   necessarily to take place before
18   different agencies, they can be
19   brought again.  So you're not being
20   thrown out of court on those claims.
21   So I'm going to make that ruling on
22   the basis of prematurity, but not as
23   to the relief sought under those two
24   paragraphs.
25        Now, I do not know and I will just
26   ask -- it may take a couple of
27   counsels to determine.  I understand
28   the contention and the opposition
29   insofar as the preemptory exception to
30   the open meetings and argument which
31   was held virtually and that is an
32   issue.

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

```
1              I don't know the extent to which
2         that is more properly brought forward
3         in the process of the claim that the
4         underlying showing was improperly
5         granted, and it may be more
6         appropriate to address that in some
7         future proceeding.
8              If you want to discuss that, you
9         may.
10    MS. COKER:
11             Your Honor, actually we, on behalf
12        of the St. Bernard Port, do believe
13        that it's preemptive.  The dation, and
14        I can argue it fully or we can discuss
15        it quickly.
16    THE COURT:
17             Well, I'm sorry to interrupt you.
18        I think that in context of the
19        remaining claims that I have not ruled
20        to be premature this morning that I
21        would also require on a vagueness-type
22        argument of amendment of the petition
23        to specifically state the grounds
24        under which the plaintiffs contend
25        that the VDP, dation, and the entire
26        procedure being illegal or
27        unconstitutional, what those claims
28        are based on.  If they are based in
29        part on the argument as far as the
30        open meeting, then I will simply
31        continue and reassign the preemptory
32        exception on that issue.
```

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

1        MS. COKER:

2            Your Honor, I suppose that's fine,

3        although we are going to go ahead and

4        reargue the same preemption argument

5        saying an amendment would be futile

6        because it's 60 days --

7        THE COURT:

8            I'm sure it may be appropriate to

9        the amended proceedings in connection

10        with the illegalities of these two

11        actions.

12        MS. COKER:

13            Understood.  Thank you.

14        MR. BALART:

15            Your Honor, as far as the order

16        goes, the Court's ruling will grant

17        the exception of prematurity, all

18        claims except for F and G as you layed

19        out and within that order will you

20        sustain the exception of vagueness and

21        direct the plaintiffs to amend

22        relative to those two specific claims?

23        THE COURT:

24            Yes.

25        MR. BALART:

26            Thank you.  That makes sense.  And

27        to the amended, second amended

28        petition, we will then respond in kind

29        based on the factualities.

30        THE COURT:

31            For today's record as far as the

32        exception to a preemption as far as

1              the open meetings, arguments that will

2              just be continued subject to

3              reassignment.

4          MS. COKER:

5              Thank you.

6          MR. BALART:

7              Thank you, Judge.

8          THE COURT:

9              Is there anything that --

10         MR. BALART:

11             We can take something else off your

12             plate.  The Motion for Leave as we

13             read based on the procedural contents,

14             we don't have an opposition.  You can

15             grant that Motion for Leave to file a

16             petition for an intervention, although

17             I don't know if the Parish wants to

18             take a consideration of your current

19             ruling.

20         THE COURT:

21             Counsel, if you just want to make a

22             brief record.  I have reviewed the

23             Petition for Intervention.  I have not

24             yet signed that pending the hearing

25             that we are having here today.  If

26             there's no opposition to the

27             intervention --

28         MR. BALART:

29             It may make more sense, Your Honor,

30             if I might suggest that we just start

31             over, and based on the new petition if

32             the Parish feels that it needs to

```
 1                    intervene, that may make more sense.
 2          THE COURT:
 3              Okay.  I notice the access argument
 4              is connected, and I do feel that that
 5              is actually a part of what plaintiffs
 6              are contending is part of their remedy
 7              as far as the effect of ingress,
 8              egress, and accommodating the
 9              anticipated additional traffic as part
10              of the reason for the whole argument
11              action being sought by them.
12              I will just defer the action on the
13              intervention until the amended
14              petition is filed.
15          MR. STEPHENS:
16              I will be okay with that, Judge,
17              yes, sir.
18          THE COURT:
19              Anything further we can do this
20              morning?  I'm going to prepare and I
21              will have circulated an order in
22              accordance with this ruling this
23              morning.  So thank you-all very much.
24      (Whereupon the proceedings concluded.)
25
26
27
28
29
30
31
32
```

Brook L. Kerrigan, RPR, CCR
Thirty-Fourth Judicial District Court
(504) 278-4429 ext 2447

```
 1
 2                    REPORTER'S PAGE
 3           I BROOK L. KERRIGAN, Certified Court
 4   Reporter in and for the State of Louisiana, the
 5   officer, as defined in Rule 28 of the Federal Rules
 6   of Civil Procedure and/or Article 1434(B) of the
 7   Louisiana Code of Civil Procedure, before whom this
 8   proceeding was taken, do hereby state on the Record:
 9           That due to the interaction in the
10   spontaneous discourse of this proceeding, dashes (--)
11   have been used to indicate pauses, changes in
12   thought, and/or talkovers; that same is the proper
13   method for a Court Reporter's transcription of
14   proceeding, and that the dashes (--) do not indicate
15   that words or phrases have been left out of this
16   transcript;
17           That any words and/or names which could not
18   be verified through reference material have been
19   denoted with the phrase "(spelled phonetically)."
20
21
22                         _____
23                         BROOK L. KERRIGAN
                            Certified Court Reporter
24
25
26
27
28
29
30
31
32
```

```
 1
 2                                CERTIFICATE
 3
 4            This certification is valid only for a
 5   transcript accompanied by my original signature and
 6   original required seal on this certificate.
 7            I, BROOK L. KERRIGAN, Official or Deputy
 8   Official Court Reporter in and for the State of
 9   Louisiana, employed as an official or deputy official
10   court reporter by the Thirty-fourth Judicial District
11   Court for the State of Louisiana, as the officer
12   before whom this testimony was taken, do hereby
13   certify that this testimony was reported by me in the
14   stenotype reporting method, was prepared and
15   transcribed by me or under my direction and
16   supervision, and is a true and correct transcript to
17   the best of my ability and understanding; that the
18   transcript has been prepared in compliance with
19   transcript format guidelines required by statute or
20   by rules of the board or by the Supreme Court of
21   Louisiana, and that I am not related to counsel or to
22   the parties herein nor am I otherwise interested in
23   the outcome of this matter.
24            This **2nd** day of **February, 2023,** St. Bernard,
25   Louisiana.
26
27                           BROOK L. KERRIGAN
                              Certificate #22037
28                           Official Court Reporter
                              34th Judicial District Court
29
30
31
32
```

MINUTE CLERK: [6]  3/25 3/32 4/4
4/18 4/22 5/6
MR. BALART:  [6]  4/28 34/14 34/25
35/6 35/10 35/28
MR. BEZOU: [4]  3/17 3/30 4/2 4/6
MR. BURAS: [1]  4/32
MR. DREW: [2]  5/2 5/8
MR. JONES: [2]  3/19 4/8
MR. LEVENSON: [8]  3/14 22/7 22/11
29/5 30/2 30/11 30/15 30/21
MR. LICCIARDI: [1]  5/18
MR. STEPHENS: [2]  5/10 36/15
MR. TORRES: [4]  3/11 19/11 19/16
19/26
MS. BECK: [2]  3/22 4/10
MS. BORNE: [1]  4/12
MS. COKER: [6]  4/26 18/24 33/10 34/1
34/12 35/4
MS. MASTIO: [9]  4/15 4/20 4/24 6/5
8/7 8/12 19/1 19/7 30/25
THE COURT: [27]  2/27 5/21 8/3 8/10
18/21 18/28 19/5 19/9 19/14 19/22
22/5 22/9 28/31 29/21 30/7 30/13
30/19 30/23 31/11 33/16 34/7 34/23
34/30 35/8 35/20 36/2 36/18

## 1

1101 [1]  2/21
1434 [1]  37/6
1612 [1]  1/5
17 [1]  14/13
1778 [1]  20/27
18 [1]  20/8
1973 [1]  25/20

## 2

2 million [2]  22/27 22/29
201 [1]  2/13
2023 [2]  1/16 38/24
21-1612 [1]  1/5
21st Judicial [1]  3/4
22037 [1]  38/27
2315 [1]  28/5
28 [1]  37/5
2800 [1]  2/17
2d [1]  14/13
2nd [1]  38/24

## 3

303 [1]  1/20
34TH [2]  1/1 38/28

## 4

40 [1]  20/14
40 Arpent [1]  20/4
4100 [1]  2/3
427 [1]  1/30
451 So [1]  14/13
48th [1]  2/13

## 5

5100 [1]  2/13

## 6

60 days [1]  34/6
667 [4]  16/5 25/26 26/21 28/4
669 [1]  28/4

## 7

70043 [3]  1/21 2/8 2/22
701 [1]  2/3
70112 [1]  2/17
70130 [2]  1/25 1/30
70139 [1]  2/4
70170-5100 [1]  2/13

## 8

829 [1]  1/25
8301 [1]  1/20

## 9

909 [1]  2/17

## A

ability [2]  21/26 38/17
able [3]  17/1 25/12 30/18
about [2]  16/23 22/27
above [1]  1/13
above-numbered [1]  1/13
abundance [1]  20/6

Acadian [5]  14/6 27/4 27/2 28/8 30/31
Acadian's [1]  28/2
accented [1]  22/32
access [1]  36/3
accommodating [1]  36/8
accompanied [1]  38/5
accordance [3]  14/10 26/13 36/22
acids [1]  13/8
acknowledgment [1]  15/29
acquired [1]  27/22
across [1]  20/20
acted [1]  17/28
action [12]  11/19 16/17 17/26 18/5 24/2
24/18 28/3 28/6 29/9 29/10 36/11
36/12
actions [2]  26/18 34/11
active [1]  16/27
activities [2]  16/13 26/24
activity [2]  15/30 16/14
actually [7]  12/17 13/2 13/11 13/16
14/7 33/11 36/5
ad [2]  1/8 3/6
addition [1]  16/17
additional [2]  7/28 36/9
address [6]  11/6 18/18 19/17 21/24
28/28 33/6
addressed [3]  9/25 10/4 10/6
addressing [1]  10/17
adequate [1]  23/13
adjoining [1]  25/30
administrative [5]  23/8 23/11 23/30
24/1 28/22
admitted [1]  8/11
adopted [1]  12/15
adverse [1]  27/27
aesthetics [1]  9/1
affidavits [1]  28/14
after [4]  3/29 17/25 24/16 26/16
again [7]  6/6 25/4 26/15 26/17 27/18
28/17 32/19
against [2]  16/32 21/2
agencies [10]  6/27 6/30 7/11 7/18 8/1
8/13 8/19 9/17 29/29 32/18
agency [2]  17/26 17/28
aggressive [1]  21/4
agree [1]  26/27
ahead [1]  34/3
al [4]  1/5 1/22 1/31 2/5
all [17]  5/23 5/26 8/20 8/29 9/13 12/21
14/3 15/10 19/17 19/24 24/17 29/6
30/29 31/7 31/24 34/17 36/23
allegations [2]  28/13 29/16
alleged [2]  14/16 14/30
alleges [1]  31/6
allow [2]  6/26 7/16
allowed [1]  16/20
alone [1]  17/1
along [3]  6/15 15/4 15/30
already [9]  9/25 10/3 13/7 17/5 27/23
27/26 27/27 30/31 31/1
also [1]  33/21
although [2]  34/3 35/16
am [2]  38/21 38/22
amend [1]  34/21
amended [4]  34/9 34/27 34/27 36/13
amendment [2]  33/22 34/5
Among [1]  8/32
amount [1]  20/9
analysis [1]  14/25
analyzing [1]  5/31
another [1]  26/32
anticipated [2]  25/24 36/9
anticipatory [4]  11/24 18/6 25/12 28/11
any [14]  7/13 12/22 16/14 16/29 17/11
18/10 18/19 18/30 18/32 27/13 28/21
28/22 30/28 37/17
anything [4]  23/15 23/16 35/9 36/19
anyway [1]  31/12
apart [3]  13/5 16/8 24/25
APLC [1]  1/19
Appeals [1]  13/18
APPEARANCES [2]  1/18 2/1
appellate [1]  13/15
applicable [1]  23/31
appointed [1]  3/5
appreciate [2]  7/22 23/5
apprehended [1]  12/16
approach [1]  8/2
appropriate [5]  10/8 13/4 19/20 33/6
34/8
appropriately [1]  10/7

arbitrarily [1]  17/28
are [69]
area [3]  15/17 22/30 27/3
areas [1]  15/6
argue [2]  11/12 33/14
argued [1]  23/17
argument [9]  23/6 24/3 28/25 32/30
33/22 33/29 34/4 36/3 36/10
arguments [2]  18/27 35/1
Armageddon [2]  22/26 31/5
Army [2]  7/25 8/14
around [1]  9/30
Arpent [2]  20/4 20/14
Article [3]  16/5 26/21 37/6
Article 667 [2]  16/5 26/21
Articles [1]  28/4
Articles 667 [1]  28/4
as [50]
ASHLEY [2]  2/16 4/27
ask [6]  6/2 19/24 29/19 29/22 31/9
32/26
asking [4]  6/14 6/24 7/10 31/30
associated [2]  28/15
Associates [1]  1/26 1/29
attended [1]  16/24
attention [1]  8/27
ATTORNEY'S [1]  2/20
Attorneys [8]  1/21 1/26 1/31 2/4 2/9
2/14 2/18 2/22
authorities [1]  17/14
available [1]  11/29
Avenue [1]  2/13
aware [1]  6/10
away [1]  6/17

## B

B-E-Z-O-U [1]  4/3
B.W.S [1]  25/21
back [1]  20/27
background [1]  32/11
BALART [2]  2/12 4/29
banks [1]  6/15
Baronne [1]  1/25
barrels [1]  13/8
based [8]  7/14 11/9 17/7 33/28 33/28
34/29 35/13 35/31
basis [3]  7/13 15/8 32/22
be [40]
because [10]  13/24 13/28 14/25 21/5
23/21 24/5 26/1 27/15 31/3 34/6
BECK [3]  1/20 3/23 4/11
become [1]  12/30
been [23]  7/17 7/28 9/25 10/3 10/15
13/7 13/9 14/19 14/29 16/9 16/10
16/13 16/27 21/20 22/20 22/32 29/24
29/26 30/31 37/11 37/15 37/18 38/18
before [9]  1/13 7/19 7/23 9/16 17/16
30/32 32/17 37/7 38/12
begun [1]  27/21
behalf [16]  3/13 3/15 3/18 3/20 3/23
4/5 4/13 4/16 4/29 5/1 5/4 5/12 5/17
6/7 21/24 33/11
being [4]  6/17 6/18 7/32 8/5 12/21
17/30 24/12 27/4 30/18 32/1 32/7
32/19 33/26 36/11
believe [4]  17/27 30/3 31/24 33/12
bell [6]  11/13 12/2 13/30 22/3 24/9 25/2
BERNARD [27]  1/2 1/5 1/15 1/22 1/31
2/5 2/20 2/21 2/22 4/27 5/12 5/14 5/19
6/3 9/29 10/3 15/17 15/21 18/23 18/25
19/13 19/27 20/12 20/25 21/18 33/12
38/24
Berry [1]  11/4
best [2]  5/29 38/17
better [1]  17/2
between [1]  20/4
BEZOU [4]  1/24 1/24 3/18 3/31
BLAKE [4]  2/2 2/3 3/20 4/9
board [5]  1/7 4/30 6/7 8/23 38/20
BORNE [3]  2/7 2/7 4/13
both [2]  24/10 24/14
bottom [1]  8/28
brief [3]  19/20 24/4 35/22
briefly [1]  30/26
briefs [2]  5/25 19/3
bring [4]  24/20 24/20 24/21 29/9
Brook [5]  2/26 37/3 37/23 38/7 38/27
brought [2]  32/19 33/2
building [1]  19/31
built [1]  12/14
bullet [1]  9/23

**B**

Buras [1]  5/1
burden [4]  22/19 23/10 29/13 29/15
business [4]  12/26 12/29 12/32 13/24
buy [1]  27/12

**C**

CAHILL [1]  2/16
called [1]  25/20
can [23]  4/1 4/19 5/29 7/21 7/31 14/15
 16/12 17/22 17/26 17/31 19/25 20/23
 21/19 22/2 23/21 29/12 31/13 32/18
 33/14 33/14 35/11 35/14 36/19
can't [6]  13/32 18/9 27/13 27/14 30/5
 31/12
canal [2]  20/4 20/14
cannot [1]  25/1
Canone [1]  12/25
capriciously [1]  17/29
case [22]  3/7 5/26 11/15 12/20 13/8
 13/11 20/28 21/27 21/32 23/26 24/9
 24/10 25/20 25/22 25/27 26/5 26/32
 27/1 27/2 27/18 27/26 31/17
cases [13]  10/32 11/7 11/8 11/11 11/16
 13/1 15/10 23/28 24/10 24/14 24/27
 28/8 30/29
cause [10]  1/13 11/19 13/25 13/27
 16/17 18/5 24/18 28/3 28/12 29/10
causes [1]  28/5
causing [3]  21/3 27/24 27/26
certain [3]  7/9 13/20 13/30
certainly [2]  15/26 16/1
certificate [3]  38/2 38/6 38/27
certification [1]  38/4
Certified [3]  2/26 37/3 37/23
certify [1]  38/13
challenge [1]  17/27
Chalmette [5]  1/15 1/21 2/8 2/22 15/21
changed [1]  17/6
changes [1]  37/11
character [2]  14/31 15/27
Charles [1]  2/13
chemical [1]  13/9
chemicals [1]  26/12
circle [1]  16/19
circuit [2]  21/26 28/1
circulated [1]  36/21
circumstances [2]  12/22 18/10
circumvent [6]  6/23 16/20 30/5
citation [1]  14/12
cite [1]  13/14
cited [1]  11/8 11/11 11/17
cites [1]  10/32
citizens [1]  21/17
city [4]  11/26 12/2 27/6 27/31
Civil [6]  25/26 26/21 28/4 31/17 37/6
 37/7
claim [1]  11/24 33/3
claiming [1]  23/7
claims [8]  31/25 32/6 32/12 32/20
 33/19 33/27 34/18 34/22
clear [4]  11/22 14/14 16/11 22/22
clearly [1]  23/28
close [1]  27/6
Code [5]  25/26 26/21 28/4 31/17 37/7
coexisted [1]  15/19
COKER [2]  2/16 4/27
collaborative [1]  17/9
come [3]  16/19 21/8 21/30
coming [2]  20/9 22/28
comment [2]  7/3 7/29
comments [3]  6/28 6/32 16/26
commercial [2]  15/6 15/12
commissioned [1]  10/15
COMMISSIONERS [3]  1/7 4/30 6/8
common [1]  26/19
community [4]  16/28 20/2 21/4 21/13
complain [1]  9/32
complained [1]  12/5
complaining [2]  9/15 11/28
complete [1]  10/19
compliance [1]  38/18
comply [1]  13/20
concerns [5]  7/2 9/2 9/24 9/32 10/17
concluded [1]  36/24
concrete [1]  25/8
conditional [3]  14/8 26/7 26/15
conditions [1]  14/28
conducted [3]  12/30 13/29 17/30
configuration [1]  20/12

configurations [1]  20/21
configured [1]  19/28
confusion [1]  22/14
connected [1]  36/4
connection [4]  5/25 6/12 18/30 34/9
conservation [2]  8/32 9/7
consider [3]  6/27 6/32 7/2
consideration [1]  35/18
considerations [1]  9/10
considered [5]  7/32 8/30 10/6 14/31
 15/26
considering [1]  9/19
constitute [3]  11/21 16/1 29/18
constitutes [1]  11/20
constitution [1]  32/5
construct [2]  25/28 26/10
constructed [4]  6/18 11/31 27/5 30/32
construction [6]  12/12 14/27 16/12
 16/14 17/29 30/1
container [1]  21/11
containers [2]  22/28 22/30
containment [1]  19/30
contend [1]  33/24
contending [1]  36/6
contention [1]  32/28
contents [1]  35/13
contest [2]  29/27 29/31
contesting [1]  28/32
context [2]  11/14 33/18
continue [3]  10/5 10/16 33/31
continued [2]  2/1 35/2
contrary [1]  32/1
control [1]  21/7
coordinate [1]  8/18
Corporation [1]  25/21
Corps [3]  7/25 8/14 10/20
correct [2]  30/12 38/16
could [4]  13/28 18/15 23/13 37/17
counsel [6]  3/9 5/23 19/6 22/13 35/21
 38/21
counsels [1]  32/27
couple [2]  29/23 32/26
course [1]  32/16
court [51]
Court's [5]  10/25 15/28 17/32 19/19
 34/16
Courthouse [2]  1/15 2/8
courts [1]  15/2
covering [1]  10/11
create [2]  12/6 27/16
criteria [1]  8/26
Critical [1]  10/25
cubic [1]  25/7
culture [1]  20/26
cumulative [1]  8/31
current [1]  35/18
currently [1]  5/13
cuts [1]  20/19

**D**

D-R-E-W [1]  5/9
damage [2]  13/25 25/16
Daniel [1]  5/1
dashes [2]  37/10 37/14
dation [3]  31/32 33/13 33/25
day [2]  20/8 38/24
days [1]  34/6
deal [1]  29/3
decide [1]  7/5
decision [1]  13/15
decisions [1]  11/13
declares [1]  31/31
declaring [1]  32/2
defendant [5]  2/9 2/14 2/18 13/20
 27/19
defendant's [1]  21/25
defendants [2]  23/4 28/19
defer [1]  36/12
defined [1]  37/5
delegated [1]  7/17
demands [1]  23/14
denied [2]  15/7 24/15
denoted [1]  37/19
densely [2]  20/1 20/24
Department [2]  7/26 8/15
deputy [2]  38/7 38/9
DEQ [1]  29/29
descendants [1]  20/29
design [1]  9/27
designed [1]  6/26
DESTRUCTION [4]  1/5 1/22 1/31 2/5

detail [1]  21/1
determination [1]  10/22 16/9 24/23
 29/32
determine [3]  31/12 31/18 32/27
determined [1]  14/29
detriment [1]  21/9
devastating [2]  21/3 22/24
develop [1]  27/14
developed [2]  30/32 32/15
developer [1]  27/9
development [13]  6/15 6/28 11/26 15/5
 15/32 16/29 17/12 20/15 27/3 27/7
 28/12 31/4 32/2
dialogue [1]  16/28
did [1]  17/11
didn't [5]  17/14 23/15 23/16 24/3 24/4
different [1]  32/18
dilatory [1]  18/31
direct [2]  15/8 34/21
direction [1]  38/15
directs [1]  31/31
disagree [1]  23/9
discourse [1]  37/10
discrete [1]  11/9
discuss [2]  33/8 33/14
discussed [3]  14/23 15/10 17/4
dismissal [6]  10/31 11/14 13/3 28/1
 31/21 32/12
dismissed [3]  29/20 32/8 32/14
disposal [5]  13/10 13/27 25/29 26/9
 26/10
distinguish [1]  11/8
distinguishing [1]  13/6
DISTRICT [5]  1/1 2/20 3/4 38/10 38/28
DIVISION [1]  1/8
DNR [2]  8/22 29/29
do [21]  5/26 5/32 6/2 11/5 23/17 23/20
 23/21 23/27 24/29 25/9 26/28 26/29
 29/27 29/30 32/25 33/12 36/4 36/19
 37/8 37/14 38/12
Dock [1]  15/23
docketed [1]  5/14
documents [1]  28/15
does [10]  11/18 11/20 11/23 16/1 18/5
 18/22 23/31 26/21 28/29 32/12
doesn't [6]  23/22 23/24 23/25 24/5 24/6
 30/17
don't [11]  3/28 18/1 22/18 24/31 29/1
 29/14 31/17 32/10 33/1 35/14 35/17
done [2]  1/12 5/28
DOTD [2]  8/23 29/30
down [1]  15/19
draw [1]  8/26
DREW [3]  2/12 5/4 5/9
drinking [1]  26/3
Drive [1]  1/20
dropping [1]  27/11
due [2]  15/17 37/9
during [1]  24/3

**E**

early [2]  16/3 18/17
economics [1]  9/1
economy [1]  10/14
Ed [1]  1/26
educate [1]  5/29
educated [1]  17/2
effect [2]  22/24 36/7
effects [2]  8/31 17/21
egress [1]  36/8
either [1]  16/12
ELIZABETH [2]  2/7 4/13
else [1]  35/11
employed [1]  38/9
encourage [1]  8/24
end [1]  18/4
energy [1]  9/8
engage [1]  14/24
engaging [1]  16/27
engine [1]  12/5
Engineers [3]  7/25 8/14 10/20
enjoin [5]  6/14 6/24 10/28 11/26 12/11
enjoined [1]  13/19
entire [3]  8/25 16/21 33/25
entitled [6]  1/13 16/5 24/24 24/31 25/10
 28/18
entitlement [1]  11/2
environmental [4]  7/27 8/16 9/2 10/11
EPA [1]  8/21
ERICA [3]  1/20 3/23 4/11

## E

erosion [1] 9/6
ESQUIRE [12] 1/19 1/20 1/24 1/29 2/3 2/7 2/11 2/12 2/12 2/16 2/20 2/21
establish [2] 11/19 16/22
establishes [2] 7/7 14/18
establishment [2] 12/28 13/23
establishments [1] 15/13
estate [1] 27/2
estates [1] 13/26
et [4] 1/5 1/22 1/31 2/5
ETIENNE [2] 2/12 4/29
even [6] 6/18 12/10 14/1 14/19 14/21 14/23 14/28 16/9 18/1 31/1
every [1] 21/21
everybody's [1] 3/27
everyone [1] 5/22
evidence [6] 8/6 18/30 18/32 23/16 24/19 31/14
evidentiary [1] 29/25
exact [1] 28/5
except [1] 34/18
exception [10] 18/31 28/27 29/20 31/10 31/27 32/29 33/32 34/17 34/20 34/32
exceptions [4] 6/11 21/25 22/15 27/32
exhaust [2] 23/29 28/22
exhibit [3] 8/9 19/2 19/3
Exhibit 1 [1] 8/9
exist [3] 20/17 23/22 24/5
existed [1] 15/13
expect [1] 15/5
expected [2] 15/14 15/30
expert [1] 26/13
expertise [2] 7/4 8/21
experts [1] 24/20
explained [1] 21/8
explore [1] 7/1
expressly [2] 15/3 16/6
extent [2] 21/28 33/1

## F

facility [9] 6/21 9/28 9/30 11/27 11/31 15/24 15/25 17/4 32/3
fact [15] 10/26 12/1 13/1 13/3 13/6 16/8 16/18 23/1 23/22 24/13 24/24 24/32 25/16 28/2 29/27
factors [1] 8/29
factory [2] 12/4 12/7
facts [1] 28/10
factual [1] 30/8
factualities [1] 34/29
failed [1] 16/16
failure [1] 23/29
falls [1] 21/6
families [1] 20/27
family [1] 26/4
far [6] 29/25 33/29 34/15 34/31 34/32 36/7
farmers [1] 20/31
father's [1] 20/28
favor [1] 16/30
fear [2] 12/29 13/24
February [2] 1/16 38/24
federal [8] 6/29 7/11 7/18 7/32 8/19 9/16 32/4 37/5
feedback [2] 17/6 17/7
feel [1] 36/4
feels [1] 35/32
feet [1] 25/8
fiber [1] 9/9
file [1] 35/15
filed [6] 5/16 6/12 23/1 27/10 31/1 36/14
filing [2] 24/6 28/24
final [1] 17/26
Finally [1] 16/4
fine [1] 34/2
fire [1] 12/6
FIRM [2] 1/24 2/2
first [11] 3/2 4/23 5/23 5/32 6/2 11/11 14/19 16/23 25/11 29/4 31/1
fish [1] 9/3
Fisheries [2] 8/22 29/30
fishermen [1] 20/30
fit [1] 10/21
flood [2] 9/4 9/4
Floor [1] 2/13
fluid [2] 10/9 17/9
following [1] 13/29
food [1] 9/9

footprint [2] 9/28 10/2
format [1] 38/16
forth [4] 9/22 11/18 28/13 29/16
forthcoming [1] 31/14
forum [1] 10/8
forums [1] 16/25
forward [5] 18/10 22/25 23/24 31/13 33/2
found [1] 13/26
fourth [1] 38/10
fragile [1] 20/6
front [1] 7/30
full [1] 16/19
fully [2] 7/21 33/14
function [1] 17/15
fur [1] 20/20
further [5] 7/1 7/3 14/7 18/4 36/19
futile [1] 34/5
future [2] 14/16 33/7

## G

GARNER [1] 2/16
gatekeeping [1] 17/15
general [2] 9/1 9/11
geocoded [1] 21/20
geographic [1] 15/18
geographically [1] 19/28
get [8] 3/26 14/21 22/17 23/13 25/9 27/13 27/14 31/7
give [1] 19/20
given [1] 21/14
glossed [1] 24/13
go [7] 6/4 18/9 23/17 30/3 30/9 31/13 34/3
goes [3] 20/19 22/25 34/16
going [22] 6/4 9/30 9/31 15/19 16/31 20/8 22/23 22/26 23/24 25/16 25/28 25/32 26/1 26/2 27/8 27/16 29/6 31/26 31/28 32/21 34/3 36/20
good [6] 3/7 5/3 6/6 19/12 22/8 22/10
Government [5] 5/13 5/15 5/20
grant [3] 18/15 34/16 35/15
granted [7] 7/7 12/2 13/17 14/11 23/31 26/30 33/5
Gravier [1] 1/30
grounds [1] 33/23
growth [1] 15/14
guidelines [1] 38/19
guideposts [1] 16/22

## H

habitable [1] 20/2
habitat [1] 10/13
had [5] 1/12 12/2 13/6 13/9 30/31
happening [2] 25/13 27/25
happy [1] 18/18
harm [12] 13/28 21/3 21/7 21/30 25/16 26/1 26/4 26/27 27/24 27/27 29/17 29/19
has [17] 7/17 11/29 12/27 14/19 15/18 16/25 16/27 17/5 17/6 21/20 22/32 23/1 23/3 27/21 29/24 29/26 38/18
have [56]
haven't [1] 14/28
having [3] 3/9 27/27 35/25
hazardous [1] 25/29
hazards [1] 9/4
health [1] 12/8
hear [2] 3/7 24/3
heard [1] 27/18
hearing [3] 25/11 26/16 35/24
hearings [1] 31/15
heavily [1] 25/19
held [2] 26/20 32/31
here [20] 4/5 4/13 6/10 10/26 13/12 14/2 14/22 16/13 19/31 21/12 21/15 21/23 22/14 22/14 22/15 24/17 27/20 29/23 29/24 35/25
hereby [2] 37/8 38/12
herein [1] 38/22
Heritage [1] 14/6
high [1] 29/17
highway [3] 2/21 9/29 10/3
highways [1] 20/20
HILBERT [1] 2/16
him [1] 3/29
history [3] 9/3 20/25 21/3
hoc [2] 1/8 3/6
holistically [1] 21/27
home [1] 20/26
homes [1] 27/5

## I

Honor [27] 3/12 5/3 5/11 5/20 6/6 6/10 7/22 9/13 14/12 15/16 18/18 18/25 19/8 19/12 19/27 20/11 20/21 20/23 21/19 21/23 22/4 30/26 31/9 33/11 34/2 34/15 35/29
Honor's [2] 8/27
Honorable [1] 1/14
house [1] 27/12
how [1] 25/9
however [1] 26/9
hurt [1] 12/9

I'll [3] 6/20 18/22 28/28
I'm [12] 3/2 3/12 3/26 18/18 28/32 29/6 31/26 31/27 32/21 33/17 34/8 36/20
identified [1] 10/5
identify [1] 3/9
III [2] 1/19 1/19
illegal [1] 33/26
illegalities [1] 34/10
Imagine [2] 17/11 17/13
immigrants [1] 20/31
impact [1] 11/10
impacts [1] 27/28
importance [1] 22/31
important [2] 8/17 15/15
importantly [1] 10/7
improper [1] 18/11
improperly [2] 6/14 33/4
INC [5] 1/5 1/22 1/27 1/31 2/5
included [1] 9/27
including [3] 7/8 8/31 29/29
incomprehensible [1] 21/29
incredible [1] 25/7
incretion [1] 9/6
Indian [1] 6/30
indicate [2] 37/11 37/14
industrial [1] 15/12
industry [1] 15/19
infancy [1] 14/5
information [1] 16/26
ingress [1] 36/7
initial [1] 7/23
initially [2] 9/29 27/31
injunction [12] 12/20 13/17 14/9 14/16 24/15 24/25 26/6 26/7 26/8 26/15 26/23 29/14
injunctions [1] 24/11
injunctive [8] 11/22 11/30 15/7 16/2 18/14 25/24 26/22 28/10
injure [1] 12/8
injury [2] 12/16 12/17
insofar [1] 32/29
installation [1] 12/3
instance [3] 9/26 11/4 11/12
instead [3] 11/7 13/18 21/13
institute [1] 30/18
instituted [1] 25/30
interaction [1] 37/9
interested [2] 6/31 38/22
international [3] 6/19 19/29 21/11
interrupt [1] 33/17
intervene [2] 5/16 36/1
intervention [6] 17/32 23/2 35/16 35/23 35/27 36/13
introduce [1] 3/2
introduced [1] 29/26
involve [1] 24/11
involved [1] 27/2
involving [1] 5/14
irrelevant [1] 11/16
irreparable [2] 29/17 29/19
irreversible [1] 21/29
is [69]
Islenos [1] 20/28
issue [12] 12/19 14/15 17/18 17/20 26/8 29/2 29/4 29/13 30/8 31/23 32/32 33/32
issued [6] 7/24 14/20 17/25 18/2 26/6 26/6
issues [6] 7/1 9/13 9/14 9/16 10/4 19/18
issuing [1] 30/1
it [40]
it's [17] 8/11 8/17 9/17 10/30 12/32 14/23 15/15 16/18 18/16 22/25 23/10 25/9 26/1 27/27 31/7 33/13 34/6
Italian [1] 20/31
its [5] 7/13 12/23 14/5 14/10 15/18
itself [1] 15/23

**J**

JACQUES [3]  1/24 3/18 3/31
job [1]  5/27
join [1]  18/23
joins [1]  18/26
joint [1]  7/24
JONES [5]  2/2 2/3 2/11 3/20 4/9
judge [28]  1/14 1/20 3/3 3/6 22/8 22/12
22/21 22/30 23/5 23/22 24/5 24/17
24/27 25/4 25/14 25/20 25/27 26/15
26/32 28/7 28/19 28/17 28/25 28/29
29/6 30/16 35/7 36/16
judgment [1]  7/14
judicial [6]  1/1 3/4 11/2 21/32 38/10
38/28
jumped [1]  28/26
juncture [2]  9/17 10/31
jurisdiction [6]  10/28 17/19 21/6 28/27
28/30 29/1
just [17]  13/32 14/22 16/29 19/2 19/23
25/5 29/3 29/15 29/22 31/2 31/18 32/9
32/25 35/2 35/21 35/30 36/12
JUSTIN [2]  2/21 5/11

**K**

Kennedy [2]  1/26 1/26
Kerrigan [5]  2/26 37/3 37/23 38/7 38/27
killing [1]  27/10
kind [2]  28/25 34/28
KLEIN [1]  2/16
know [7]  18/1 18/8 22/18 29/23 32/25
33/1 35/17
known [1]  27/7

**L**

L-A-U-R-E-N [1]  4/25
lack [1]  17/18
lacks [1]  10/27
Lafayette [1]  27/3
Lafayette's [1]  27/32
LANCE [2]  2/20 5/19
land [6]  9/5 15/3 20/2 20/3 27/6 27/14
landfill [4]  14/9 27/9 27/13 30/31
language [1]  16/4
largely [1]  15/17
larger [1]  9/27
last [3]  4/1 4/19 5/7
LAUREN [4]  2/11 4/16 4/25 6/7
law [11]  1/19 1/24 2/2 10/24 11/23
14/14 18/4 23/31 25/15 32/1 32/4
lawful [3]  12/26 13/23 26/24
lawsuit [1]  25/31
lawsuits [1]  6/13
layed [2]  31/5 34/18
LDNR [1]  14/11
leach [2]  26/2 26/3
leaching [1]  26/12
lead [2]  6/4 8/17
least [1]  7/16
Leave [2]  35/12 35/15
left [3]  17/22 20/11 37/15
legal [7]  11/9 11/21 12/31 14/18 16/22
19/18 32/11
legislatively [1]  6/25
legislatively-mandated [1]  6/25
Lenny [3]  3/15 3/27 19/17
LEONARD [1]  1/29 1/29
less [3]  6/17 18/3 30/28
let [5]  3/2 5/23 19/23 29/22 32/9
levee [1]  8/22
LEVENSON [9]  1/29 1/29 3/15 3/28
19/17 19/24 22/6 29/22 31/6
Lewis [1]  1/26
LICCIARDI [2]  2/20 5/19
life [2]  10/12 22/2
light [3]  7/3 14/31 15/27
like [10]  3/8 5/32 7/23 8/26 10/12 16/29
17/12 18/9 19/18 28/8
Limitation [1]  16/5
line [2]  20/18 20/19
listening [2]  17/8 22/12
LIT [4]  6/20 10/29 17/3 32/3
litigation [1]  22/32
LLC [2]  2/2 2/16
LLP [1]  2/11
loans [2]  27/13 27/15
local [1]  6/30
located [1]  21/12
location [5]  10/1 12/23 15/18 15/24
21/14

logjam [1]  17/13
long [1]  16/18
look [3]  8/25 18/9 25/5
loop [1]  9/30
Los [1]  10/28
Los Islenos [1]  20/28
lot [1]  22/29
LOUISIANA [28]  1/3 1/15 1/21 1/25
1/30 2/4 2/8 2/9 2/13 2/14 2/17 2/22
6/19 7/26 8/15 12/24 15/1 21/16 25/19
25/28 26/20 32/4 37/4 37/7 38/9 38/11
38/21 38/25

**M**

M-A-S-T-I-O [1]  4/21
made [5]  16/11 27/7 28/20
make [7]  22/22 24/23 30/28 32/21
32/21 35/29 36/1
makes [1]  34/26
mandated [1]  6/25
mandatory [1]  29/28
manner [1]  12/13
many [2]  8/23 9/24
map [2]  20/11 21/18
mass [1]  20/2
massive [1]  19/29 20/15
MASTIO [3]  2/11 4/16 6/7
material [2]  26/2 37/18
matter [9]  5/14 10/24 10/27 17/19
28/26 28/30 29/1 31/13 38/23
may [13]  7/19 8/2 8/29 13/22 18/7
18/19 23/30 32/26 33/5 33/9 34/8
35/29 36/1
me [12]  3/2 4/1 5/23 5/28 19/23 26/1
26/4 27/10 29/22 32/9 38/13 38/15
mean [1]  32/13
means [1]  32/15
meant [1]  16/21
Medx [1]  11/5
meet [2]  29/13 29/14
meeting [1]  33/30
meetings [2]  32/30 35/1
membership [1]  21/19
memorandum [1]  15/10
memos [1]  5/25
merely [2]  13/24 31/21
merits [11]  18/12 22/16 22/18 24/16
24/31 25/11 26/30 26/31 27/19 28/18
29/12
method [2]  37/13 38/14
MICHAEL [2]  2/12 5/3
might [2]  12/29 35/30
million [2]  22/27 22/29
millions [1]  25/7
mineral [1]  9/9
minute [3]  19/21 25/31 31/29
Mississippi [6]  6/16 15/4 15/31 20/5
20/13 21/15
mistake [1]  21/9
modified [1]  13/16
Monlezun [1]  15/9
more [10]  7/14 10/7 10/14 21/13 27/13
27/14 33/2 33/5 35/29 36/1
morning [10]  3/8 5/3 6/6 19/12 22/8
22/10 29/27 33/20 36/20 36/23
Morrison [2]  1/14 3/3
mother's [1]  20/30
Motion [5]  5/16 35/12 35/15
Mr. [7]  3/27 19/17 19/24 22/6 29/22
31/5 31/6
Mr. Lenny [3]  3/27 19/17
Mr. Levenson [4]  19/24 22/6 29/22
31/6
Mr. Torres [1]  31/5
much [4]  6/17 10/9 18/2 36/23
multigenerational [1]  20/26
must [7]  7/16 10/25 14/30 18/17 23/20
24/28 26/24
my [12]  20/27 20/28 20/30 26/3 26/3
26/4 27/11 31/28 32/12 38/5 38/15
38/17
myself [2]  3/2 5/29

**N**

name [5]  3/27 4/1 4/19 4/23 5/7
names [1]  37/17
narrow [1]  20/3
nation [1]  21/10
natural [1]  10/13
naturally [1]  16/31
nature [2]  15/16 21/28

navigation [1]  9/5
near [1]  10/9
NEBA [1]  10/10
necessarily [2]  29/2 32/17
need [2]  3/26 29/31
needs [6]  9/8 9/10 9/11 10/23 17/10
35/32
negligence [1]  14/24
neighbor [1]  25/30
neighborhood [3]  14/32 15/28 21/21
neighboring [1]  13/25
neighbors [3]  12/4 12/9 13/28
never [4]  12/26 18/7 22/2 31/6
new [18]  1/8 1/25 1/30 2/4 2/9 2/13
2/14 2/17 2/18 4/14 4/17 4/31 5/4 6/3
6/8 18/26 19/31 35/31
next [2]  27/12 28/14
no [12]  1/5 1/11 11/9 12/27 13/22
14/11 14/14 16/10 16/13 19/2 19/32
35/26
Nobody [1]  27/12
noise [1]  12/6
NOLA [8]  6/12 10/32 11/8 11/17 15/25
16/25 17/5 32/1
NOLA's [1]  13/12
None [1]  18/7
north [2]  20/19 25/27
Northshore [1]  3/5
not [45]
nothing [3]  7/14 27/21 30/27
notice [3]  7/24 29/26 36/3
notices [1]  7/28
now [10]  3/4 9/31 14/21 18/1 18/22
23/5 24/8 25/14 28/28 32/25
nuances [1]  11/9
nuisance [20]  11/21 11/24 11/32 12/20
12/21 12/26 12/30 12/32 14/30 16/2
24/13 24/15 25/12 25/25 25/25 25/32
27/16 28/11 29/19 31/24
nuisances [2]  14/17 18/6
number [3]  6/11 9/22 10/32
numbered [1]  1/13
numerous [1]  8/18

**O**

objection [1]  8/11
obtain [1]  17/2
obtaining [1]  11/30
occasion [1]  26/26
occur [1]  18/7
off [2]  6/4 35/11
offer [1]  8/8
offered [1]  8/5
OFFICE [2]  1/19 2/20
officer [2]  37/5 38/11
official [5]  38/7 38/8 38/9 38/9 38/28
officials [1]  6/30
okay [6]  19/23 26/16 27/10 29/6 36/3
36/16
Olsen [2]  11/12 24/9
Olson [1]  11/25
once [3]  11/31 25/1 25/9
one [5]  7/30 11/6 12/27 13/22 20/18
one's [1]  16/7
only [6]  12/19 17/17 26/14 27/22 31/2
38/4
open [3]  32/30 33/30 35/1
operate [1]  14/10
operating [2]  13/21 14/2
operation [4]  11/32 13/11 13/30 14/27
operations [2]  17/30 26/26
opportunity [3]  21/31 24/19 25/3
opposing [1]  22/12
opposition [6]  9/21 19/10 25/4 32/28
35/14 35/26
option [1]  31/20
order [6]  27/32 31/31 32/2 34/15 34/19
36/21
original [3]  9/27 38/5 38/6
ORLEANS [16]  1/8 1/25 1/30 2/4 2/9
2/13 2/14 2/17 2/18 4/14 4/17 4/31 5/5
6/3 6/9 19/31
Orleans's [1]  18/26
other [5]  6/31 8/18 15/2 16/14 18/32
others [1]  8/23
otherwise [2]  26/24 38/22
our [27]  15/10 19/31 20/17 20/22 20/32
21/4 21/10 21/10 21/12 21/17 21/26
21/27 21/32 22/1 23/14 23/26 24/18
24/19 24/20 24/20 24/21 24/30 25/4
25/11 26/30 28/6 29/10

## O

out [13]  7/19 10/24 17/10 18/17 20/32 25/32 26/2 31/5 31/28 32/9 32/20 34/19 37/15
outcome [1]  38/23
outlining [1]  9/23
over [4]  24/13 28/26 32/13 35/31
overview [1]  19/21
overwhelm [1]  20/7
own [2]  7/13 15/29
owners [1]  15/3
ownership [1]  9/11

## P

page [3]  8/28 31/30 37/2
page 2 [1]  8/28
page 33 paragraph [1]  31/30
pages [2]  8/27 9/21
pages 2 [1]  8/27
pages 4 [1]  9/21
paragraph [1]  31/30
paragraphs [1]  32/24
parameters [3]  7/8 14/18 18/3
parish [24]  1/2 1/15 2/20 2/22 5/12 5/15 5/17 5/19 15/17 19/13 19/27 19/32 20/7 20/13 20/18 21/22 22/24 22/26 23/1 25/17 27/28 27/29 35/17 35/32
part [10]  14/3 28/25 28/27 28/28 29/24 31/22 33/29 36/5 36/6 36/9
participate [1]  17/23
particular [1]  25/18
particularly [1]  27/29
parties [2]  6/31 38/22
party [1]  11/28
pauses [1]  37/11
peace [1]  12/8
pending [1]  35/24
people [4]  9/12 16/30 16/32 17/16
per [4]  12/21 12/27 13/1 20/8
Perez [1]  1/20
perform [1]  17/15
perming [1]  23/18
permission [1]  19/19
permit [14]  7/5 7/6 7/7 10/22 12/3 12/10 14/10 14/17 17/25 17/27 17/31 30/1 30/30 31/7
permits [2]  18/2 18/3
permitted [2]  6/17 17/16
permitting [14]  11/3 14/4 16/9 17/14 17/24 23/9 23/12 23/19 23/23 24/26 30/4 30/5 30/10 30/17
person [1]  3/28
personally [1]  16/24
perspective [1]  25/25
petition [12]  11/18 28/3 28/7 28/14 28/15 31/29 33/22 34/28 35/16 35/23 35/31 36/14
petitioners [14]  6/22 7/10 7/15 9/14 9/22 11/5 11/7 13/2 13/14 16/16 16/19 17/21 18/14 30/27
petitioners' [1]  6/13
phonetically [1]  37/19
phrase [1]  37/19
phrases [1]  37/15
place [6]  9/31 11/11 12/11 14/19 16/23 32/17
plain [1]  16/4
plaintiff [2]  12/18 23/3
plaintiffs [17]  1/21 1/26 1/31 2/4 3/13 3/16 3/21 3/24 4/7 4/9 21/24 24/21 25/17 27/30 33/24 34/21 36/5
plane [1]  9/4
planned [1]  22/25
plans [1]  10/6
plate [1]  35/12
play [4]  7/18 10/24 17/10 18/17
PLC [1]  1/29
pleadings [1]  20/32
pled [3]  25/14 28/6 28/9
point [4]  28/23 31/8 31/28 32/9
points [1]  9/23
populated [2]  20/1 20/24
population [1]  20/22
port [31]  1/8 2/9 2/14 2/18 4/14 4/16 4/27 4/30 5/1 5/4 6/3 6/8 6/12 8/8 10/32 11/8 11/17 12/31 13/12 15/21 15/23 15/23 15/32 16/25 17/5 18/25 18/26 19/30 22/28 31/32 33/12
position [2]  13/12 24/30

possibility [1]  11/29
possible [1]  11/24
possibly [1]  18/15
potential [1]  10/4
power [2]  7/12 12/4
Poydras [2]  2/3 2/17
practical [1]  17/20
Practically [1]  18/11
precondition [1]  24/2
preemption [3]  17/18 34/4 34/32
preemptive [1]  33/13
preemptory [2]  32/29 33/31
prejudice [2]  31/21 32/14
prejudicial [1]  24/2
preliminary [1]  11/15
premature [10]  10/30 11/28 16/18 26/18 29/8 30/28 31/3 31/26 32/6 33/20
prematurity [10]  6/1 13/13 17/19 18/32 23/6 29/3 31/10 31/27 32/22 34/17
prep [1]  25/5
prepare [1]  36/20
prepared [2]  38/14 38/18
present [4]  21/26 21/32 24/19 29/24
presented [1]  9/12
presenting [2]  5/28 23/26
preserve [1]  22/1
presiding [1]  1/14
prevent [11]  12/15 12/28 13/23 23/24 23/25 24/6 24/12 25/13 26/12 28/23 30/17
previously [1]  17/4
prior [1]  29/32
probability [1]  29/18
problem [1]  30/16
procedural [1]  35/13
procedure [5]  24/1 31/18 33/26 37/6 37/7
procedures [2]  13/30 14/2
proceed [5]  5/30 18/12 19/25
proceeding [6]  22/20 31/22 33/7 37/8 37/10 37/14
proceedings [6]  1/12 23/2 32/11 32/16 34/9 36/24
process [31]  6/23 6/25 7/16 8/20 9/19 9/26 10/9 10/23 10/29 11/3 14/4 16/21 17/1 17/9 17/24 18/13 18/16 22/1 23/9 23/12 23/18 23/19 23/23 24/26 27/4 29/28 30/4 30/6 30/10 30/17 33/3
production [1]  9/9
prohibited [1]  32/3
prohibiting [2]  13/18 26/23
project [5]  14/26 18/8 20/7 21/5 22/23
pronounced [1]  15/3
proof [4]  22/19 23/10 29/13 29/15
proper [3]  6/23 10/31 37/12
properly [1]  33/2
properties [1]  9/3
property [10]  9/10 12/10 16/6 16/7 16/10 16/15 22/22 27/11 27/22 31/32
proposal [1]  8/30
proposed [8]  6/15 6/28 10/28 15/25 15/31 17/3 17/12 26/25
proposing [1]  20/16
proposition [4]  11/1 11/17 13/31 24/28
protect [1]  22/1
prove [1]  28/19
proven [1]  11/32
provide [3]  18/5 23/32 26/22
provided [2]  10/20 16/25
proximity [1]  27/6
public [7]  6/29 7/3 7/24 7/28 10/18 16/24 17/1
purchased [1]  27/6
purpose [2]  11/10 14/11
purposes [2]  10/26 15/6
pursuit [1]  21/5
put [5]  7/23 7/30 23/15 24/22 27/8
putting [1]  26/11

## Q

quality [4]  7/27 8/16 9/8 10/12
questions [2]  18/19 29/23
quickly [1]  33/15
quote [1]  15/11

## R

rail [3]  20/10 20/18 20/19
raised [1]  10/17
ran [1]  17/12
range [1]  10/10

rather [1]  31/20
re [1]  11/4
reacting [1]  17/8
read [3]  5/24 24/4 35/13
reading [1]  31/28
ready [1]  5/30
real [1]  27/2
realignment [1]  10/2
reality [1]  9/24
really [2]  14/23 30/8
reargue [1]  34/4
reason [3]  16/15 31/8 36/10
reasoning [1]  12/12
reasons [1]  14/2
reassign [1]  33/31
reassignment [1]  35/3
Rebuttal [1]  30/24
received [1]  17/5
recognize [2]  8/17 11/23
recognized [1]  25/23
recognizing [1]  14/8
record [4]  3/10 34/31 35/22 37/8
recreation [1]  9/7
red [1]  20/15
redress [1]  7/19
refer [1]  6/20
reference [1]  37/18
referenced [1]  30/30
referred [1]  24/8
refinery [3]  15/20 15/22 15/22
refused [2]  11/25 12/11
regarding [1]  6/11
regardless [1]  12/23
regulations [1]  23/19
regulators [1]  10/18
regulatory [1]  10/29
reinforces [1]  31/3
related [1]  38/21
relates [2]  13/13 16/6
relative [1]  34/22
relevant [1]  8/29
relied [1]  13/2
relief [11]  11/22 11/27 11/30 15/7 16/2 18/6 18/15 25/24 26/23 28/10 32/23
Relieve [1]  5/16
rely [1]  27/1
relying [1]  25/18
remain [1]  9/31
remaining [1]  33/19
remedy [7]  17/22 23/8 23/12 23/30 28/22 29/11 36/6
Renton [1]  1/26
reparable [1]  26/26
repeatedly [2]  13/14 15/7
reported [2]  2/25 38/13
reporter [6]  2/26 37/4 37/23 38/8 38/10 38/28
REPORTER'S [2]  37/2 37/13
reporting [1]  38/14
represent [1]  21/16
representation [1]  21/21
require [2]  6/32 33/21
required [4]  28/20 31/16 38/6 38/19
requirement [1]  28/21
requires [1]  10/10
requiring [2]  7/9 14/9
reread [1]  25/4
residential [2]  20/1 21/12
residents [1]  27/29
resources [1]  21/14
respect [1]  29/7
respond [1]  34/28
result [2]  12/17 24/29
retired [1]  3/3
reversed [1]  28/1
review [3]  10/21 11/2 29/28
reviewed [1]  35/22
reviewing [1]  9/18
rich [1]  20/25
RICHTER [1]  2/16
rid [1]  25/10
Riggs [1]  24/10
right [5]  12/27 18/1 19/24 25/23 29/8
risk [1]  12/6
Ritchey [2]  15/9 15/11
river [7]  6/16 15/4 15/20 15/31 20/5 20/14 21/15
roadways [1]  20/17
Robert [2]  1/14 3/3
robust [1]  6/24
role [1]  7/12

**R**

Rule [1] 37/5
ruled [1] 33/19
rules [2] 37/5 38/20
ruling [4] 32/21 34/16 35/19 36/22
run [1] 17/17
rush [1] 13/32
rushed [1] 12/18

**S**

safeguards [5] 7/9 12/14 14/1 14/3 14/28
safely [1] 13/29
safety [2] 9/8 13/21
said [6] 23/17 25/1 26/7 27/23 28/2 30/28
sale [1] 27/15
Salter [3] 13/7 25/21 28/8
same [5] 13/31 27/25 28/5 34/4 37/12
sand [1] 25/8
sanitary [1] 27/9
satisfaction [1] 23/14
save [1] 18/22
say [6] 18/9 18/14 27/20 29/7 31/19 32/10
saying [3] 25/31 27/20 34/5
says [2] 23/20 31/23
Schecnayder [1] 15/9
scope [2] 7/31 14/26
se [3] 12/21 12/27 13/1
seal [1] 38/6
second [2] 21/18 34/27
section [2] 6/1 8/25
see [9] 7/31 10/21 12/13 14/1 20/15 20/23 21/19 23/15 23/16
seek [3] 7/19 17/31 21/31
seeking [1] 21/25
sense [3] 34/26 35/29 36/1
Separate [2] 13/5 16/7
serve [1] 15/6
served [1] 14/11
set [5] 9/22 11/18 20/32 28/13 29/16
shall [1] 31/23
she [2] 24/8 24/13
SHER [1] 2/16
Shintech [1] 11/4
shoreline [1] 9/6
short [1] 21/26
should [3] 15/4 16/20 17/23
shouldn't [1] 14/21
show [3] 21/28 23/11 23/13
showing [3] 26/25 28/20 33/4
shows [2] 20/12 26/17
side [2] 20/28 20/30
sided [1] 23/3
SIDNEY [3] 1/19 1/19 3/12
signature [1] 38/5
signed [1] 35/24
significant [1] 22/22
simply [4] 10/23 12/32 18/4 33/30
single [1] 11/6
sir [1] 36/17
site [7] 13/10 13/19 13/27 25/6 25/29 26/9 26/11
situated [1] 20/3
situations [1] 24/11
size [2] 10/1 14/26
small [1] 22/30
so [17] 3/7 5/30 6/1 7/21 7/30 8/20 8/24 9/31 12/30 14/13 15/26 21/23 22/2 22/18 32/19 32/21 36/23
sold [1] 27/5
solicit [1] 6/28
solicitations [1] 7/29
solicited [1] 16/26
some [2] 22/13 33/6
someone [1] 17/11
something [1] 35/11
sometimes [1] 6/20
sorry [2] 3/26 33/17
SOS [3] 3/18 4/7 21/20
sought [3] 24/12 32/23 36/11
speaking [1] 18/11
specialized [2] 6/27 8/21
specific [2] 9/23 34/22
specifically [6] 6/26 23/32 24/8 25/23 26/22 33/23
speculation [1] 31/7
speculative [2] 7/15 14/17
spell [2] 4/1 4/19

spelled [1] 37/19
spontaneous [1] 37/10
Square [1] 2/8
ST [10] 1/2 1/5 1/15 1/22 1/31 2/5 2/13 2/20 2/21 2/22
St. [18] 4/27 5/12 5/14 5/19 6/3 9/29 10/3 15/17 15/21 18/23 18/25 19/13 19/27 20/12 20/25 21/18 33/12 38/24
St. Bernard [18] 4/27 5/12 5/14 5/19 6/3 9/29 10/3 15/17 15/21 18/23 18/25 19/13 19/27 20/12 20/25 21/18 33/12 38/24
stage [5] 13/4 14/25 16/3 18/13 22/19
stages [2] 11/15 18/17
stake [1] 21/2
stand [1] 24/22
standards [2] 7/8 13/21
standpoint [1] 29/25
stands [1] 13/31
start [2] 3/8 35/30
state [20] 1/3 5/23 6/29 7/11 7/18 8/1 8/19 9/17 11/3 15/2 16/16 21/10 23/28 26/19 32/4 33/23 37/4 37/8 38/8 38/11
stated [7] 10/23 12/25 13/22 24/17 24/28 28/3 29/10
states [3] 7/25 8/14 8/28
stating [1] 11/27
statute [1] 38/19
statutorily [1] 7/17
stay [1] 31/22
steam [3] 12/3 12/5 12/7
stenotype [1] 38/14
step [1] 14/7
STEPHENS [2] 2/21 5/11
still [3] 10/8 14/4 18/16
STOP [4] 1/5 1/21 1/31 2/4
straight [1] 17/13
Street [4] 1/25 1/30 2/3 2/17
strip [2] 7/11 20/3
studied [1] 5/24
studies [5] 7/1 7/2 10/11 10/15 10/19
subject [10] 10/27 11/21 17/18 28/26 28/29 29/1 35/2
submitted [1] 19/4
substitute [1] 7/13
such [5] 10/1 11/27 12/16 12/28 29/29
sufficient [1] 28/9
sugar [1] 15/20
suggest [1] 35/30
suggested [1] 22/21
suit [5] 23/25 24/7 27/10 28/24 31/1
suitable [1] 21/13
Suite [3] 1/20 2/3 2/17
summary [1] 11/14
supervision [1] 38/16
supply [1] 9/7
support [2] 13/3 24/30
supported [1] 26/25
supports [1] 13/11
suppose [1] 34/2
supreme [12] 3/6 12/25 13/16 13/22 15/1 15/28 16/11 25/19 25/22 26/5 26/20 38/20
sure [1] 34/8
surely [2] 21/8 21/30
surprising [1] 11/5
surrounded [1] 20/5
surrounding [1] 15/5
surroundings [1] 12/24
sustain [3] 31/9 31/26 34/20
sustained [1] 27/31

**T**

TABARY [1] 2/7
take [5] 5/32 32/17 32/26 35/11 35/18
taken [2] 37/8 38/12
taking [2] 8/16 31/25
talking [2] 16/23 22/27
talkovers [1] 37/12
tea [1] 31/3
terminal [6] 6/19 10/13 12/31 15/32 19/30 21/11
terms [1] 19/32
terrible [1] 31/4
testimony [3] 26/14 38/12 38/13
than [2] 7/14 31/20
thank [14] 5/22 5/26 18/29 19/6 19/8 19/15 22/4 30/14 30/22 34/13 34/26 35/5 35/7 36/23
that [167]
that's [20] 6/16 6/18 8/5 10/29 11/16

16/21 22/20 22/23 22/29 23/3 23/11 24/16 25/10 25/26 26/22 27/25 29/2 30/8 30/12 34/2
their [16] 5/24 7/4 7/12 7/12 9/21 12/2 12/9 15/13 17/15 21/2 21/4 21/6 23/10 24/4 28/20 36/6
them [3] 8/32 24/22 36/11
then [7] 7/4 17/24 20/20 26/14 29/6 33/30 34/28
there [17] 5/13 5/15 7/27 16/29 16/31 17/17 23/14 23/28 25/9 25/14 25/15 25/20 28/21 29/28 29/31 30/30 35/9
there's [11] 11/1 14/14 16/8 16/10 16/13 20/18 22/13 23/11 23/23 26/32 35/26
Therefore [1] 21/31
thereof [1] 8/32
therewith [1] 28/16
these [11] 8/13 9/13 9/15 9/25 9/32 23/2 24/27 26/17 28/12 32/12 34/10
they [37] 8/18 9/18 9/32 10/6 10/19 10/21 11/12 11/19 11/22 17/17 17/8 17/12 17/22 17/26 17/27 17/31 20/16 22/27 23/6 24/29 25/28 26/6 26/7 26/11 26/18 27/8 27/20 27/26 30/3 30/4 30/9 30/29 31/2 32/13 32/15 32/18 33/28
thing [1] 27/25
think [6] 17/20 22/13 22/31 29/2 32/5 33/18
Third [1] 28/1
Thirty [1] 38/10
Thirty-fourth [1] 38/10
this [73]
thorough [1] 5/27
those [18] 6/32 7/2 11/6 11/16 14/2 18/3 18/22 20/20 24/10 24/14 24/27 32/5 32/7 32/10 32/20 32/23 33/27 34/22
thought [1] 37/12
thousands [2] 20/8 21/16
three [1] 19/21
three-minute [1] 19/21
through [9] 9/26 16/32 21/32 22/28 23/8 30/4 30/9 31/15 37/18
throughout [1] 21/17
thrown [1] 32/20
time [10] 17/11 17/25 17/32 18/20 19/20 25/31 28/23 29/9 31/25 32/7
times [1] 12/22
today [6] 5/15 6/11 21/23 26/28 29/15 35/25
today's [1] 34/31
took [2] 14/6 27/17
topics [1] 10/11
TORRES [4] 1/19 1/19 3/12 31/5
tracing [1] 20/27
traffic [3] 10/12 20/10 36/9
transcribed [1] 38/15
transcript [6] 1/12 37/16 38/5 38/16 38/18 38/19
transcription [1] 37/13
trappers [1] 20/29
trash [1] 11/26
tremendous [1] 20/9
trenches [1] 26/11
trial [11] 18/12 21/27 22/16 22/17 24/16 24/31 26/29 26/30 27/30 28/18 29/11
tribes [1] 6/31
tried [1] 27/20
trucked [1] 13/9
true [1] 38/16
try [1] 11/7
trying [6] 6/22 22/17 23/27
two [6] 8/13 20/17 20/20 32/23 34/10 34/22
type [1] 29/32 33/21
types [2] 15/29 26/17

**U**

ultimate [1] 29/11
ultimately [2] 7/4 18/8
uncertain [1] 19/32
unconstitutional [1] 33/27
uncontested [1] 31/16
under [8] 12/22 18/10 25/25 27/4 28/4 32/23 33/24 38/15
underlying [1] 33/4
understand [3] 15/16 30/20 32/27
understanding [2] 17/3 38/17
Understood [1] 34/13

**U**

undertaken [2]  10/16 13/7
underway [1]  10/30
United [2]  7/25 8/14
unring [2]  22/3 25/1
until [1]  36/13
up [4]  5/32 21/2 25/27 27/17
upon [1]  13/2
urge [1]  28/17
us [6]  18/7 23/24 23/25 24/6 28/21
30/17
use [3]  9/5 13/19 16/6
used [1]  37/11
utilize [1]  10/21

**V**

vagueness [2]  33/21 34/20
vagueness-type [1]  33/21
Valero [1]  15/22
valid [1]  38/4
value [1]  12/9
values [3]  9/4 9/5 27/11
various [2]  13/8 16/24
vast [1]  21/14
VDP [2]  31/32 33/25
verified [1]  37/18
versus [2]  24/9 25/21
very [8]  9/15 9/32 10/9 13/1 15/24
20/23 30/26 36/23
viable [1]  32/6
violation [1]  17/31
violations [1]  25/15
Violet [1]  15/23
virtually [1]  32/31
vs [1]  1/6

**W**

wait [5]  24/29 24/32 24/32 25/31 27/21
waiting [2]  12/13 14/1
WALKER [1]  2/11
want [8]  5/26 7/29 18/23 22/21 24/18
29/3 33/8 35/21
wants [2]  27/12 35/17
warranted [1]  7/6
warranting [1]  16/2
was [17]  3/5 5/7 5/15 9/29 25/1 25/20
26/16 27/4 27/7 30/30 31/1 32/31 33/4
37/8 38/12 38/13 38/14
waste [5]  13/10 13/27 25/29 26/9 26/10
wastes [1]  13/9
water [3]  9/7 9/8 26/4
way [1]  14/14
we [71]
we've [1]  19/4
weighing [1]  8/20
Welcome [1]  19/12
welfare [1]  9/12
well [6]  15/1 19/23 25/9 26/3 28/14
33/17
were [7]  11/13 11/13 14/22 24/12
25/28 26/11 27/8
West [1]  2/21
wetland [1]  9/2
wetlands [2]  20/6 20/22
what [19]  5/7 5/31 9/18 11/20 11/20
12/13 12/14 18/8 18/13 18/14 21/1
22/16 23/27 25/5 26/28 26/29 31/2
33/27 36/5
what's [1]  7/31
wheelers [1]  20/8
when [4]  10/18 14/17 15/26 26/30
where [6]  16/25 21/27 23/17 23/18
24/11 25/27
Whereupon [1]  36/24
whether [6]  7/5 12/16 18/2 23/31 24/23
29/12
which [17]  7/17 8/29 11/10 14/4 18/7
18/16 21/20 22/16 23/9 23/27 27/4
32/14 32/16 32/30 33/1 33/24 37/17
while [4]  8/13 8/24 13/14 14/21
who [5]  4/5 8/20 21/1 21/2 32/10
whole [1]  36/10
whom [2]  37/7 38/12
why [2]  21/8 25/10
wildlife [4]  8/22 9/3 10/14 29/30
wildly [2]  10/30 16/18
will [26]  6/1 6/2 8/30 10/6 10/16 10/19
12/19 13/25 18/2 18/8 19/17 19/23
20/7 21/28 26/26 29/18 31/6 32/25
33/30 34/16 34/19 34/28 35/1 36/12

36/16 36/21
within [3] 19/22 27/6 34/19
without [9]  7/13 8/11 12/12 13/32 17/22
20/2 31/13 31/21 32/14
withstand [1]  19/29
witnesses [1]  24/21
words [2]  37/15 37/17
work [5]  13/6 16/7 16/10 16/12 25/6
working [1]  9/20
works [1]  12/14
would [31]  3/8 5/31 7/22 8/8 8/24 8/26
12/5 12/7 12/14 12/15 12/17 13/27
17/16 18/13 19/18 21/7 21/9 21/30
26/8 26/10 26/14 28/12 29/31 30/9
31/14 31/16 31/19 31/19 32/9 33/21
34/5
write [1]  31/17
wrote [1]  31/19

**Y**

yeah [1]  27/23
year [1]  22/29
years [2]  6/16 7/15
yellow [1]  20/16
yes [5]  8/4 8/8 18/25 34/24 36/17
yet [2]  27/21 35/24
Yokum [1]  16/12
you [45]
you're [4]  27/10 27/16 27/23 32/19
you-all [1]  36/23
your [33]  3/12 4/19 5/3 5/7 5/11 5/20
6/6 6/10 7/22 8/26 9/13 14/12 15/15
18/18 18/25 19/8 19/12 19/27 20/11
20/21 20/23 21/19 21/23 22/4 29/23
30/26 31/8 33/11 34/2 34/15 35/11
35/18 35/29
yourselves [1]  3/9